Robinson, J.
 

 The plaintiff in error brings to this court three questions:
 

 
 *43
 
 1. Is the order of the Public Utilities Commission sustained by sufficient evidence?
 

 2. Can the question of traction competition be entertained by the commission?
 

 3. The constitutionality of the act itself.
 

 We will consider these questions in the inverse order.
 

 Speaking for myself, and not for my associates, I am of opinion that the classification dividing the operators of motor bus lines into two classes, those who were operating prior to the date of the filing of the act with the secretary of state and those who began or desired to begin thereafter, and vesting a discretion in the Commission to refuse a certificate in the latter class and requiring the Commission to issue a certificate in the former class, is an unreasonable classification, based upon no real distinction which bears any relation to the objects sought to be accomplished by the act. The act has for its principal purpose the promotion of the public welfare by vesting in the Public Utilities Commission the power to grant certificates where the public convenience and necessity require the operation of motor bus lines and to refuse to grant such certificate where the public convenience and necessity do not require it, to the end that the public streets, roads and highways may not be unduly burdened with common carrier service and that such service may be so distributed over the entire state as to insure the best common carrier service to the greatest number of people for the longest period of time.
 

 The public convenience and necessity are in no way affected by or dependent upon the time when
 
 *44
 
 the owner of the bus line began or. intends to begin operation, and while the Commission might well consider the experience, character and financial ability of the applicant, and the character and adaptability of his equipment, in determining between two competing applicants, where the public necessity and convenience require the service of one, the fact that a bus line began operation on the 28th day of April, 1923, or did not begin operation until the 29th day of April, 1923, would have no bearing upon the existence or nonexistence of the public necessity and convenience therefor.
 

 Unlike the cases where the Legislature provides for the licensing of physicians, surgeons, lawyers, engineers and other persons skilled in their particular profession, vocation, or calling, and at the time of the enactment of the legislation provides that it shall not apply to those who have been in the practice of their particular calling for a period of years, which period of service is accepted in lieu of an examination as to qualification, the relationship of the classification to the object sought to be accomplished, to-wit, the prevention of imposition upon the public by an unqualified person, is apparent, and unlike the cases where a person by a franchise on a public highway or by location or an investment in private property has acquired a vested right, and the Legislature looking to the regulation or prevention of future similar situations classifies vested rights in one class and all other rights in another, this classification deals, not with qualification or vested right, but with public convenience and necessity, and makes them dependent in part upon when the oper •
 
 *45
 
 ator begins operation over the public highway, in which the operator can never acquire a vested right different from the right of the general public. And the Legislature then confers upon one class an absolute right to acquire a certificate of public convenience and necessity, which right it denies to the other class.
 

 However, since there are not five of my associates who concur with me in this view, the act as enacted cannot be declared unconstitutional, and therefore must be recognized by me, as by all other persons, as an enforceable act of the Legislature.
 

 The second question, can the question of traction competition be entertained by the Commission, is answered by the decision of this court in the case of
 
 McLain
 
 v.
 
 Public Utilities Commission, ante,
 
 1, 143 N. E., 381, which ease was submitted with this cause.
 

 The other question presented by the plaintiff in error is as to the sufficiency of the evidence.
 

 At the hearing, protests against the granting of a certificate of public convenience and necessity to the plaintiff in error were filed by the city of Dayton, the city of Hamilton, the village of Franklin, and the village of West Carrollton, also by the Cincinnati
 
 &
 
 Dayton Traction Company. Oral evidence was heard to the effect that between the cities of Dayton and Hamilton there is interurban and steam common carrier service paralleling the highway over which the plaintiff in error applied for a certificate of public convenience and necessity, sufficient to accommodate all persons desiring common carrier service, that the public highway is narrow and greatly congested by the public trav
 
 *46
 
 eling it in the ordinary way, and that the installation of any considerable number of motor propelled vehicles carrying passengers for hire over the highway would add to the congestion and would inconvenience the public traveling the highway in the ordinary way, and upon this showing the Commission found that public convenience and necessity do not require the granting of a certificate between Dayton and Hamilton to the plaintiff in error or to any other motor propelled bus line. This court is not able to say that that finding is against the weight of the evidence.
 

 In the hearing upon the application of the plaintiff in error for a certificate of public convenience and necessity over the public highway between the city of Hamilton and the village of Oxford there was also heard the application of William Shisler, Edward G. Gradolph, Louis Gradolph, Leroy Gradolph, Carl Dilg, John Ziepfel and Marie Seals. It was admitted by all parties interested, and so announced by the Commission, that public necessity and convenience required the operation of one or more bus lines over that route. The only question, therefore, before the Commission, was as to the number of persons who should thus receive certificates, and to whom of the several they should issue.
 

 The record here does not disclose the equipment, financial ability, or character of service the other applicants proposed to or had furnished, or the actual time, if at all, they had operated, but discloses the equipment and character of service which the plaintiff in error had rendered and proposed to render.
 

 
 *47
 
 . We are, therefore, while able to determine the ability of the plaintiff in error to render the service proposed by it to be rendered, and the sufficiency of its equipment, unable to compare that proposed service with the proposed service of the other applicants. The Commission granted a certificate of public convenience and necessity to John Ziepfel and Marie Seals, and denied it to all others. Manifestly, when there are more applicants for certificates of public convenience and necessity than the particular route requires, the Commission must exercise its discretion in determining to whom it will issue a certificate, and to whom it will refuse to issue a certificate, and before this court will disturb the exercise of that discretion it must be made to appear by the record that the Commission abused such discretion.
 

 This record does not disclose facts with reference to the issuing of certificates of public convenience and necessity to John Ziepfel and Marie Seals and the denying of one to the plaintiff in error from which this court can find that the Commission abused its discretion either in its determination that two lines were sufficient to meet the public convenience and necessity or in its determination that the certificates should be issued to John Ziepfel and Marie Seals rather than to plaintiff in error. The order of the Commission is therefore approved.
 

 Order affirmed.
 

 Marshall, C. J., Jones, Matthias and Allen, JJ., concur.
 

 Wanamaker, J., not participating.