Allen, J.
 

 The plaintiff in error claims: First that the action of the Pliblio Utilities Commission in overruling the objection and complaint was arbitrary, unreasonable and unlawful; second, that the interpretation placed by the Commission upon Section 614-87, General Code, is unwarranted by the Act; third, that that part of Section 614-87, General Code, requiring the Commission to issue a certificate to bus operators who were in good faith operating on the day of filing the act with the secretary of state is unconstitutional.
 

 We shall first consider the objection that the interpretation placed by the Commission upon Section 614-87, General Code, (110 O. L., 215), is unwarranted by the act, as our position upon that question will affect our holding upon plaintiff in error’s first objection. The portion of that section applicable to this case reads:
 

 
 *684
 
 “Where a motor transportation company has been actually operating in good faith upon the date of filing this act in the office of the secretary of state, it shall file with the Commission an affidavit showing its principal place of business, full information concerning the physical property, thé route over which it has been operating, the schedule or schedules, together with a map of its route, showing the number of miles of route in each municipality and county into, through or along which such route runs or extends, a statement that it has been actually operating over such route or routes in good faith, together with the liability insurance policy or policies required under Section 614-99 of the General Code, and thereupon a certificate of public convenience and necessity shall issue, if the Commission shall find the statements in said affidavit to be true.”
 

 Although the Commission found the statements in the affidavit to be true, so far as the record discloses it did order the certificate of public necessity and convenience to issue, basing its order upon the allegations of the affidavit without further inquiring into the facts therein set forth.
 

 The record also shows that it is the practice of the Commission to grant certificates of public convenience and necessity upon the filing of an affidavit stating that the applicant was operating in good faith on or before April 28, 1923, leaving the certificate to be challenged later, if the allegations of the affidavit are false. This practice, plaintiff in error claims, is not warranted by the act which provides that a certificate of public convenience and necessity shall issue if the Commission “shall
 
 *685
 
 find the statements in said affidavit to he true.” In other words, plaintiff in error urges that this statute requires the Commission to inquire into the facts alleged in the affidavit in order to satisfy itself of the truth of the statements therein contained.
 

 Does the Commission’s failure to make such an inquiry, under the facts in this case, constitute reversible error!
 

 The affidavit in question is sworn to by the applicant and reads in the pertinent part thereof as follows:
 

 “Oscar E. De La Croix, being duly sworn, says that he is the general manager and owner of Anderson Ferry Transit Line, a motor transportation company, whose office or principal place of business is at 3545 Idlewild street in the city of Cincinnati, Ohio; and that on April 28, 1923, said motor transportation company was operating in good faith over the following regular route (and) between fixed termini:
 

 “In the city of Cincinnati between the heart of the city and the suburb known as Anderson Ferry with the following physical property:
 

 This affidavit is not questioned as to form. It
 
 *686
 
 is not claimed that it does not contain the information required hy the statute.
 

 What then is its function? The statute requires that upon the filing of an affidavit giving information of the exact kind contained in the above affidavit, the certificate shall issue if the Commission finds the statements in the affidavit to be true. The affidavit required, therefore, is a sworn statement of jurisdictional facts necessary to be shown in order that the certificate may issue. If it covers these facts, the affidavit makes out a
 
 prima facie
 
 case for the applicant. Such an affidavit was actually filed.
 

 Now, at the time the Commission acted upon the affidavit, there was no testimony before it that the facts stated in the application were not true. If true, the facts stated justified the issuance of the certificate. Upon the day the Commission ordered the certificate to issue it had before it in opposition to the affidavit only an oral objection of the attorney for the plaintiff in error who at that time did not state positively that he would controvert the facts set forth in the affidavit.
 

 Since the record contained a sworn statement that the applicant prior to April 28, 1923, had been in good faith actually operating over the route asked for, the Commission was justified in finding the statements to be true and in issuing the certificate; that is, we hold that the interpretation placed by the Commission upon Section 614-87, G-eneral Code, is warranted by the act.
 

 ■Plaintiff in error also claims that the action of the Public Utilities Commission in overruling the objection and complaint was arbitrary, unreason
 
 *687
 
 ¿oble, and unlawful. It urges, first, that it was unreasonable and arbitrary, and hence unlawful, upon the part of the Commission to issue the certificate without a hearing upon the facts. This contention has been disposed of by the holding just made as to the Commission’s interpretation of Section 614-87, General Code.
 

 Plaintiff in error next urges that the Commission had no right to dismiss its complaint and overrule its application for a rehearing without a hearing. In order to decide this question let us inquire what was the substance of the objection made in the complaint upon which hearing was asked.
 

 The traction company questioned the constitutionality of Section 614-87, General Code. The Public Utilities Commission, however, had no jurisdiction over that objection, and was compelled to ignore it.
 

 Plaintiff in error did, however, raise certain objections of wTiich the Commission had jurisdiction, the substance of which was that it was not true as alleged in the affidavit of the applicant that, on April 28, 1923, it was in good faith operating the two motor busses described in the affidavit over the route named therein, and in support of that claim the complaint makes the following statement:
 

 “Bus carrying license No. T. 89603, 1923, was operated on Madeira and Norwood line and then on an Oakley line and was not operated upon the route claimed by the applicant until later than April 28, (1923). The protestor says further that license No. T. 89602, (1923), was issued for a Pack
 
 *688
 
 ard bus and not for the Selden, 1922, bus, as claimed by the applicant in his affidavit.”
 

 These are the only facts set forth in the complaint bearing upon the alleged falsity of the affidavit.
 

 Under the statute (Section 614-87, General Code), the applicant is required to file with the Commission an affidavit showing its principal place of business, full information concerning the physical property, the route over which it has been operating, the schedule or schedules, together with a map of its route, and a statement that it has been actually operating over such route or routes in good faith, together with the liability insurance policy or policies required under Section 614-99, General Code. .
 

 Did the affidavit comply with this section of the Code? It showed the principal place of business of the applicant, the route over which it had been operating, made a statement that the applicant had been actually operating over such route in good faith, together with the liability policies required. "When it came to list the physical equipment it described three automobiles, two owned and one leased, giving their make, license number, motor numbers, and seating capacity.
 

 Plaintiff in error says that one of the busses listed, prior to April 28, 1923, was operating over another route than that described in the affidavit. It makes no contention that the use of this bus increases the number of motor cars over the number used upon the route before April 28, 1923. Since the affidavit was filed on September 12, 1923, several months after April 28, 1923, at the
 
 *689
 
 later time the Transit Line may have purchased a new bus to operate upon the same route that it traveled in April, 1923, instead of one of the busses originally used. There is nothing in the statute to forbid such action. The law states that full information must be given “concerning the physical property.” This does not say that full information must be given concerning the indentical physical property which was being operated upon April 28, 1923; and, moreover, the law does not preclude an applicant for certificate under this section from using a bus which he did not use prior to April 28, 1923, over the particular route described in the affidavit instead of over the one originally in use upon that route, there being no increase in the total number of busses used.
 

 Plaintiff in error next protests that the license No. 89602 was issued for a Packard bus and not for the Selden bus. But the motor bus law and the state automobile law do not require a license to be used on the same automobile for the whole year. In fact, as a matter of administrative practice, licenses are transferred from one car to another upon application to the secretary of state. There is nothing in this record to show that such a transfer was not duly made. If not so made, the burden was upon the plaintiff in error to establish that fact.
 

 We think this affidavit as framed complied with the law; that the substantial statement therein, which plaintiff in error purported to attack, is that the applicant has been actually operating over the route in good faith, and that it is immaterial in considering such an objection that there
 
 *690
 
 has been a change of busses or of license numbers. The statement as to operation in good faith was not controverted in the complaint, and no other material allegation of the affidavit was controverted. The protest filed by plaintiff in error against the affidavit upon' the ground that it was false was therefore negligible and properly overruled by the Public Utilities Commission.
 

 There is nothing in the record to show that the defendant in error at the time of the protest was operating a greater number of busses than it had operated on April 28, 1923, nor that the defendant in error had altered its routes, or increased its service, since April 28, 1923. We make no holding upon the legal proposition which would arise upon such facts, if they were presented.
 

 We shall now consider whether that part of Section 614-87, General Code, requiring the Commission to issue a certificate to bus operators who were in good faith operating on the day of filing the act with the secretary of state is. unconstitutional. This question was raised in the ease of
 
 Royal Green Coach Co.
 
 v.
 
 Public Utilities Commission,
 
 110 Ohio St., 41, 143 N. E., 547, and decided adversely to the claim of the plaintiff in error.
 

 Plaintiff in error cites no new authorities in support of his contention that the act is unconstitutional.
 

 The majority of the court are still of the opinion expressed by them in the
 
 Royal Green Coach Co. case, supra,
 
 namely, that Section 614-87, General Code, in the point here questioned is not discriminatory. The statute in effect simply fixes a time limit after which motor bus operators can not
 
 *691
 
 begin to operate without securing a certificate of public convenience and necessity. It is practically the same situation which would exist if the statute had merely provided that after April 28, 1923, no motor bus operator should begin to operate on any route within the state of Ohio without a certificate of public convenience and necessity, and had left previous, operators unmentioned. It prohibits the use of the highways for motor bus purposes to all parties starting to operate after a time therein set forth except upon the conditions set out in the act. The filing of the affidavit showing operation in good faith prior to April 28, 1923, furnishes evidence of the fact that the applicant does not come within the prohibition of the law. If the applicant does not come within that prohibition, the Public Utilities Commission is empowered to grant him a certificate.
 

 We find nothing in this provision discriminatory under the equal protection of the laws clause of the Fourteenth Amendment to the federal Constitution, nor under the equal protection guarantees of Article I, Section 1, and Article I, Section 19, of the Ohio Constitution.
 

 The order of the Public Utilities Commission is therefore affirmed.
 

 Order affirmed.
 

 Marshall, C. J., Jones, Matthias, Dat, and Conn, JJ., concur.