## Weekly Abstract of PENDING CASES

### No. 892

STATE ex v. GRAY et.

No. 19335. Supreme Court.

In Mandamus. Dock. Aug. 25, 1925; 3 Abs. 546.

1040. REVOCATION—Is hiring of solicitors such "grossly unprofessional conduct" as would warrant the revocation of a certificate to practice optometry by the State Board of Optometry?

On August 10, 1925, after proper notice, a hearing was had before the State Board of Optometry in Columbus, Ohio on charges which had been preferred against Joseph Mayers, an optometrist of Cleveland, alleging "grossly unprofessional conduct" under 1295-31 GC. At said hearing no witnesses were produced against Mayers and, solely relying upon an alleged affidavit, the certificate to practice optometry, of Joseph I. Mayers was revoked.

The petition for mandamus simply asks the Court to reinstate the license of Joseph Mayers on three grounds; first, that the statute itself is unconstitutional in that no means are provided in the section above cited for the summoning and procuring the attendance of witnesses, and 95 OS. 191, Jewell v. McCann et al, is cited to support this contention; second, that the relator in this mandamus action was deprived of a right of property without due process of law; and thirdly, that even though the relator had acted, as alleged by the Board of Optometry, namely: the employment of solicitors, nevertheless, he would not be guilty of "grossly unprofessional conduct", and in support of this contention the case of Ex parte Robert C. Craycroft, 24 N. P. n. s. 513, is cited.

Attorneys—H. T. Ammerman, Cleveland, for Mayers.

### No. 893

EAGER v. PUB. UTIL. COMM.

No. 19319. Supreme Court

Error to Pub. Util. Comm. Dock. Aug. 12, 1925; 3 Abs. 514.

1192. TRANSPORTATION—Where facilities are such that growth and prosperity of community are threatened, is Public Utilities justified in refusing to grant certificate of public convenience and necessity.

Frank Eager applied to the Public Utilities Commission for a certificate of public convenience and necessity to permit him to operate a bus line between Waterloo, Indiana, and Bryan, Ohio. On hearing of the application, the Commission refused to grant the permit in spite of the fact that said permit has not been protested by the only transportation company which could have even a slight interest in the outcome of the matter.

Bryan is situated in the northwestern part of Ohio, near to Indiana's boundary. Waterloo is a few miles past the boundary in Indiana. It is claimed in the Supreme Court that Bryan is well served by transportation coming into it from the east, north and south but practically no means of transportation exist in the district lying to the west of Bryan to Waterloo.

It is contended that the character of Bryan being progressive and forward looking, transportation facilities to the west to link up other towns in Ohio terminating with Waterloo, Indiana, is necessary for the further growth and prosperity of the community. It is further contended that the Commission has gone far beyond the powers given to it by virtue of 614-87 GC., and has shown and practiced a clear abuse of discretion under the weight of the evidence.

"If on consideration of the evidence offered before the commission, and of the whole record, it is seen that for any reason the order is unlawful or unreasonable, it will be reversed, vacated, or modified, as in the judgment of the court may be required." Hock. Val. Rd. Co. v. Comm., 100 OS. 328.

"The certificate shall issue if the commission finds the statement in the affidavit to be true. The affidavit required, therefore, a sworn statement of jurisdictional facts, necessary to be shown in order that the certificate may issue. If it covers these facts, the affidavit makes out a prima facie case for the applicant." Cinc. Trac. Co. v. Comm., 111 OS. 686.

Attorneys—Howard Morgan Jones for Eager; C. C. Crabbe and J. W. Bricker for Commission; all of Columbus.