By the Court.
George P. Sohngen, as receiver of the Cincinnati & Dayton Traction Company, on April 29, 1925, filed with the state Public Utilities Commission an application for a certificate to operate a motor transportation line between Franklin and Cincinnati, by way of Sharonville. At that time, and for some time prior thereto, King Bros, were operating a motor transportation line between Lebanon and Cincinnati, by way of Sharon-ville, and on May 25, 1925, they filed an application for an order extending such certificate, so as to authorize them to operate between Sharon-ville and Franklin. There was before the commission at the same time an application of the Interurban- Motor Transit, Inc., for a certificate to operate a motor transportation company carrying passengers between Cincinnati and Dayton by way of Sharonville, Franklin, and Miamisburg.
These cases were heard on the same day, and on April 19, 1926, the Public Utilities Commission granted an application to King Bros, for the extension applied for, and denied the applications of the Traction Company and the Interurban Motor Transit, Inc. Thereafter an application for rehearing was overruled, and a petition in error in each of said cases, wherein a certificate was granted King Bros, and denied George P. Sohngen, receiver, was filed in this court.
The proceeding in error in case No. 19835 is based upon the refusal of the Public Utilities Com *451 mission to issue a certificate of convenience and necessity to George P. Sohngen, receiver of the Cincinnati & Dayton Traction Company, upon his application, and the proceeding in error in case No. 19836 is based upon the action of the commission in granting a certificate of convenience and necessity to King Bros, and an extension of their certificate No. 23. These cases were considered by the Public Utilities Commission together and were jointly argued and submitted to this court.
From the evidence adduced the commission found that public convenience and necessity would warrant the granting of a right for a motor transportation company to operate a bus line between Sharonville and Franklin, but it also found that it would not be justified in granting more than one certificate to operate over such route or through, the territory involved. The commission in its finding expressed its belief that either of the three applicants, if granted a certificate, would probably be able to conduct a successful transportation operation over said route, and was therefore confronted by the necessity of determining to which of the three applicants such certificate should be granted.
King Bros., under a proper certificate theretofore issued, had been satisfactorily operating a motor transportation line between the cities of Lebanon and Cincinnati by way of Sharonville, and the commission found that, if a certificate were granted to either of the other applicants, it would be necessary to restrict their operation, so *452 they could not pick up or discharge passengers between Sharonville and Cincinnati, which overlapping, it stated, previous experience had demonstrated should be permitted only in extreme cases, because of the confusion and dissatisfaction caused thereby. The commission found that the operation of King Bros, under an extension of their certificate as applied for would obviate such confusion.
The commission further found that theretofore the property of the Cincinnati & Dayton Traction Company had been sold by the receiver, which sale had been confirmed, that the property had passed to another company, which was in no wise a party to the action before it, and that manifestly the applicant would not be authorized to apply the proceeds of such sale to the equipment and operation of a bus line. It was upon these considerations that the commission granted the application of King Bros, and denied that of each of the other applicants.
It is contended that the commission should have granted the application of the Traction Company because it was filed some time prior to that of King Bros. Such claim is not well founded. The mere filing of the application does not entitle the applicant to any pre-emption of the route or territory which it traverses.
The question to be determined under such circumstances is one calling for the sound judgment and discretion of the commission, and where at the time of the hearing it has before it the applications of various transportation companies covering the same routes, or routes traversing and serving the *453 same territory, it is authorized to determine which of the applicants can best meet the requirements of the public convenience and necessity, and where it does not affirmatively appear from the record that it has acted unreasonably or unlawfully its order will be affirmed. Royal Green Coach Co. v. Public Utilities Com., 110 Ohio St., 41, 143 N. E., 547.
The further contention made by counsel for the Traction Company is that, because of the fact that the Traction Company was operating an interurban line between Dayton and Cincinnati, it was entitled to a certificate authorizing it to operate a passenger motor transportation line over the route designated in its application. The route from Sharonville to Franklin cannot properly be said to be through the territory served by the Traction Company by its existing line, extending from Dayton to Cincinnati by way of Middletown and Hamilton. Indeed, the very application of the Traction Company for a certificate authorizing it to operate a passenger motor transportation line from Franklin to Cincinnati recognizes the fact, and is based upon the claim that this territory is not served by its interurban line, and should be provided with transportation facilities. The question of convenience and necessity as to that portion of the route was therefore not in issue. The principle of the case of McLain v. Public Utilities Com., 110 Ohio St., 1, 143 N. E., 381, therefore, cannot be applied.
It is true that the route of King Bros, through the suburbs of Cincinnati is not identical with that *454 proposed by the Traction Company, but that digression is not sufficient to warrant a conclusion that the commission was wrong when it found that the operation of transportation lines by both applying companies serving the same territory was unnecessary.
The order of the Public Utilities Commission is therefore affirmed.

Order affirmed.

Marshall, C. J., Jones, Matthias/ Day, Allen, Kinkade and Robinson, JJ., concur.