By the Court.
 

 The Public Utilities Commission
 
 *213
 
 had before it for consideration the applications of the Eastern Ohio Transport Corporation and the Ohio Valley Transit Company, wherein each sought a certificate of public convenience and necessity for the operation of a bus line between the city of Bellaire and the village of Shadyside, said operation being intrastate; in fact the total distance of the entire route is approximately four miles, and but a little more than one mile thereof is outside the corporate limits of these municipalities. There is no issue of convenience and necessity. The only question presented is whether the order of the commission granting such certificate to the Eastern Ohio Transport Corporation and denying the same to the Ohio Valley Transit Company is unreasonable or unlawful.
 

 The Wheeling Traction Company has heretofore operated the Bellaire-Southwestern Traction Company, whose tracks were located on the strip of highway between Shadyside and Bellaire, which has recently undergone improvement, and the pavement was laid without the replacement of the rails of the traction company. "When said tracks were torn up the Public Utilities Commission granted temporary authority to the Ohio Valley Transit Company, as a subsidiary of the Wheeling Traction Company, to operate a shuttle service from the termination of its car line at the city of Bellaire to and through the corporate limits of the village of Shadyside, and it has maintained a bus operation between said points since the abandonment of its traction service south of the city limits of Bellaire. It is assumed that, had the tracks of the Wheeling Traction Company been relaid, and its service renewed, there
 
 *214
 
 would have been no necessity for the granting of a certificate to either applicant. There is no indication of an intention on the part of the "Wheeling Traction Company to rebuild its line and renew its service. Indeed the indication seems to be quite the contrary.
 

 The Eastern Ohio Transport Corporation had filed its application for such certificate on May 23, 1930, but consideration thereof was postponed because the highway was then being repaved. The application of the Ohio Valley Transit Company was filed December 1, 1930. The Eastern Ohio Transport Corporation, an Ohio corporation with its principal place of business at Bellaire, as the holder of a certificate of public convenience and necessity, has been engaged in the transportation of passengers between Bellaire and Woodsfield and Bellaire and Barnésville, and what it sought by its application was an extension of the route which is wholly intrastate. The Ohio Valley Transit Company, a West Virginia corporation, is the holder of a certificate which authorizes transportation of persons in interstate commerce only between Wheeling, West Virginia, and Shadyside, Ohio'. Considering the operation of motor vehicles within the corporate limits of Bellaire the Eastern Ohio Transport Corporation has been granted authority by the city council to provide passenger service therein.
 

 The commission reached the conclusion that public convenience and necessity does not require and would not support service over the route in question by more than one company, and awarded the certificate to the Eastern Ohio Transport Corporation. The claim of the Ohio Valley Transit Com
 
 *215
 
 pany to the certificate is based chiefly upon the contention that it is a subsidiary of the Wheeling Traction Company, the service of which is to be supplanted by motorbus operation, and that as such it should have the preference. It appears from the record that no earnings of the Ohio Valley Transit Company would in any way accrue to the benefit of the bondholders of the Wheeling Traction Company. The record discloses that the stock of the Wheeling Traction Company is owned by the West Penn Railways Company, and that the stock of the Ohio Valley Transit Company is owned by the West Penn Electric Company, and that the West Penn Railways Company and the West Penn Electric Company are separate and distinct companies. There appears therefore no valid basis for a claim of superiority of right of the Ohio Valley Transit Company by reason of being a subsidiary of the Wheeling Traction Company.
 

 It follows that the rule stated in
 
 Royal Green Coach Co.
 
 v.
 
 Public Utilities Commission,
 
 110 Ohio St., 41, 143 N. E., 547, applies; and it not appearing affirmatively that the allowance of the certificate of convenience and necessity to one of two rival applicants therefor and denial to the other was unreasonable or unlawful the order of the commission is affirmed.
 

 Order affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.