## ST. CLAIR COUNTY v. INTERSTATE CAR-TRANSFER CO.

### (Circuit Court, S. D. Illinois. May 18, 1901.)

INTERSTATE COMMERCE—STATE LAWS AFFECTING—IMPOSING LICENSE FEES ON INTERSTATE FERRY.

A state has no power to exact a license fee for the operation of a ferry for the transfer of railroad cars across a navigable river between a point within such state and a point in another state, where the corporation owning and operating such ferry is a citizen and resident of the latter state, and the vessels employed have their situs in such state for purposes of taxation, and the only property of the company within the state seeking to impose the license consists of its landing place and facilities. As applied to such case, the license fee is a direct burden upon interstate commerce.

At Law. On demurrer to declaration.

This is a civil action, by which the county of St. Clair, of the state of Illinois, seeks to recover from defendant, a corporation of the state of Missouri, $240,000, as a penalty for maintaining a certain ferry for the conveyance of property across the Mississippi river from East St. Louis, Ill., to St. Louis, in the state of Missouri, without license from the board of county commissioners of said St. Clair county, as the statutes of Illinois require. The declaration alleges that: "On, to wit, the 24th day of October, A. D. 1896, the said defendant did establish a certain ferry for the conveyance of property for profit and hire across the Mississippi river, and within the limits of said county, and having on, to wit, the date aforesaid, established said ferry, did keep and use the same from hence hitherto without any license from the county board of plaintiff so to do, contrary to the statute in such cases made and provided. And plaintiff avers that the said defendant in order to so keep and use its said ferry at the time of its establishment as aforesaid, constructed and caused to be built a permanent landing place, with certain cradles and roadways thereto, within the limits of said county, and has from thence hitherto maintained the same, by means whereof, as well as by means of certain steamboats and barges then and from thence hitherto used for that purpose by the defendant, it, the said defendant, was enabled to and did, at various times, and continuously since the day last aforesaid, ferry for profit and hire property, to wit, certain railroad cars, from said county across the Mississippi river aforesaid, and from the west bank of said river to the said county, and has so ferried said cars within the time aforesaid to the number of, to wit, eighty thousand railroad cars, across said river, without any license from the county board of plaintiff so to do; whereby, and by virtue of the statute in such cases made and provided, penalties have accrued to the plaintiff in the sum of three dollars for each one of said cars so ferried, being in all a large sum of money, to wit, the sum of two hundred and forty thousand dollars."

The ferry laws of the state of Illinois are found in chapter 55 of its Revised Statutes. They provide as follows:

"Section 1. That no person shall establish, keep or use any ferry for the conveyance or passage of persons or property for profit or hire, unless he shall be licensed as directed by this act, under penalty of $5.00 for each day the same is maintained, and $3.00 for each person and each article of property so conveyed, to be forfeited to the county in which the ferry is situated. This section shall not apply to ferries heretofore established by law.

"Sec. 2. Any person may petition the county board for a license. 'And if such board shall deem such a ferry necessary, it shall order the county clerk to issue a license to such person upon his paying the fee therefor, to be fixed by the board, and give bond as provided in this act. Provided, that no person shall be licensed to keep a ferry within one mile of any established ferry, so long as such established ferry is competent to do the business, and its owner complies with the provisions of this act, unless the county board shall deem it necessary to establish another ferry for the public good.' "

Charles W. Thomas, for plaintiff.

A. & J. F. Lee, E. C. Kramer, and George R. Lockwood, for defendant.

HUMPHREY, District Judge (after stating the facts). This matter arises upon a general demurrer to the declaration. The demurrer is based upon the contention that the business alleged by the plaintiff to be conducted by the defendant is interstate commerce, and that the state of Illinois has no power to regulate or control the same, as is here sought to be done. Counsel for the plaintiff admits that the business conducted by the defendant is interstate commerce, but insists that the imposition of the license tax under the Illinois statute, which is invoked for that purpose, is not

an interference within the meaning of the constitution of the United States, which reserves to congress the power to regulate interstate commerce. Plaintiff's case is admitted to rest entirely upon the decision of the United States supreme court in the case of Wiggins Ferry Co. v. City of East St. Louis, 107 U. S. 365, 2 Sup, Ct. 257, 27 L. Ed. 419. The gist of the Wiggins Ferry Case is contained in the following paragraph:

"The next question presented by the assignments of error relates to the power of the state to impose a license fee, either directly or through one of its municipal corporations, upon the keepers of ferries living in the state, for boats owned by them and used in ferrying passengers and goods from a landing in the state across a navigable river to a landing in another state. It is insisted by the plaintiff in error that such an exaction is forbidden by the constitution of the United States: (1) Because it is a regulation of commerce between the states, and therefore within the exclusive power of congress; and (2) because it is a duty of tonnage, which the states are forbidden by the constitution to lay without the consent of congress. In our opinion, neither of these contentions is well founded. The levying of a tax upon vessels or other water craft or the exaction of a license fee by the state within which the property subject to the exaction has its situs is not a regulation of commerce within the meaning of the constitution of the United States. Gibbons v. Ogden, 9 Wheat. 1, 6 L. Ed. 23; Passenger Cases, 7 How. 283, 12 L. Ed. 702; Morgan v. Parham, 16 Wall. 471, 21 L. Ed. 303. In Gibbons v. Ogden it was settled that the clause of the constitution conferring on congress the power to tax, and the clause regulating and restraining taxation, are separate and distinct from the clause granting the power to congress to regulate commerce. In all of the cases just cited the right of a state to tax a ship owned by one of her citizens, and having its situs within the state, although used in foreign commerce, or in commerce between the states, was distinctly recognized. Thus, in Passenger Cases, it was said by Mr. Justice McLean: 'A state cannot regulate foreign commerce, but it may do many things which more or less affect it. It may tax a ship or other vessel used in commerce the same as other property owned by its citizens. A state may tax the stages in which the mail is transported, but this does not regulate the conveyance of the mail, any more than taxing a ship regulates commerce; and yet in both instances the tax on the property in some degree affects its use.' "

As to the second objection urged in the Wiggins Ferry Case, namely, because "it is a duty of tonnage, which the states are forbidden by the constitution to lay without the consent of congress," the court cites numerous authorities in opposition to this view, and says:

"These authorities show that the enrollment and licensing of a vessel under the laws of the United States does not of itself exclude the right of a state to exact a license from her own citizens on account of their ownership and use of such property having its situs within the state."

It therefore appears that the Wiggins Ferry Case, so strongly relied upon by counsel for the plaintiff, rests upon the citizenship of the owner of the property and the situs of the property itself for purposes of taxation, both of which were held to be within the state of Illinois, and within the city of East St. Louis. In the case at bar there is no averment of citizenship in the county of St. Clair, and the situs of the property of the defendant for the purposes of taxation rests upon the averment that the defendant, "in order to keep and use its said ferry, constructed and caused to be built a permanent landing place, with certain cradles and roadways thereto, with-

in the limits of said county, and subject to taxation in said county and state, by means whereof, as well as by means of certain steamboats and barges then and from thence hitherto used for that purpose by the defendant, it, the said defendant, was enabled to and did, continuously since the day first aforesaid, ferry for profit and hire property, to wit, certain railroad cars, loaded with various kinds of personal property and freight, from said county across the Mississippi river aforesaid, and from the west bank of said river to said county." I am of opinion that this averment does not bring the case within the ruling of the supreme court in the Wiggins Ferry Case, and that it is clearly distinguishable from the latter case. The defendant is not a citizen or resident of the county of St. Clair or the state of Illinois. Its entire business consists in ferrying freight across the Mississippi river from the city of St. Louis, on the Missouri shore, where its citizenship and residence are, and where the situs of its property is, to the city of East St. Louis, in St. Clair county, Ill. Its only property in Illinois consists of the landing place described in the declaration. The case at bar is controlled by the decisions in the cases of Gloucester Ferry Co. v. Pennsylvania, 114 U. S. 196, 5 Sup. Ct. 826, 29 L. Ed. 158; Moran v. City of New Orleans, 112 U. S. 69, 5 Sup. Ct. 38, 28 L. Ed. 653; and Covington & C. Bridge Co. v. Com., 154 U. S. 204, 14 Sup. Ct. 1087, 38 L. Ed. 962. In the Gloucester Case the court say "that the license is a charge explicitly made as a price of the privilege of navigating the Mississippi river between New Orleans and the Gulf," and that "the state thus seeks to burden with an exaction fixed at its own pleasure the very right to which the plaintiff in error is entitled under, and which he derives from, the constitution and laws of the United States." In the Covington & C. Bridge Co. Case the court makes a distinction between the Wiggins Ferry Case and the Moran Case, which is equally applicable here. I am of opinion that the statute by virtue of which plaintiff seeks to collect this license tax is a regulation of interstate commerce, and as such is repugnant to the constitution of the United States. The demurrer to the declaration is sustained.