# CITY OF OPELIKA *v.* OPELIKA SEWER COMPANY.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA.

No. 524.   Argued April 8, 9, 1924.—Decided May 26, 1924.

1. A public service corporation is bound by rates fixed by a valid contract between it and a city even if the rates become so unremunerative that, if imposed under the police power, they would be confiscatory in violation of the Fourteenth Amendment. P. 217.
2. Decisions of the Supreme Court of Alabama construing the state constitution and a city charter, as permitting the city to grant a sewer company the right to operate in the city for a term of years at stipulated rates, subject to power in the legislature to revoke the contract, *held* binding in a suit by the company to obtain relief from the rates on the ground that they had become confiscatory. *Id.*

280 Fed. 155, reversed.

APPEAL from a decree of the District Court which enjoined the above-named city from preventing the plaintiff appellee from putting into effect a new schedule of rates.

*Mr. J. J. Mayfield* for appellant.

*Mr. Wm. Findlay Brown* for appellee.

The sole question involved is whether the City had the power to fix irrevocable rates by contract. On behalf of the appellee company it is contended that the franchise ordinance of 1901 did not constitute a contract between the City and the Company in so far as it relates to the rates for sewerage service, because: (1) The City had no power to fix irrevocable rates by contract; and (2) even if the Legislature had attempted to grant such power, it would be in violation of § 22 of the constitution of Alabama.

Appellant's argument is based upon the theory that in granting the franchise the City was acting in its private

business capacity and argues that it could not have been acting in its governmental capacity because it has no power conferred upon it by the State to regulate rates. Appellant then assumes from such alleged lack of power that the City must have had the power to contract for irrevocable rates. The charter expressly grants to the City the power to establish and build sewers and regulate the same, which clearly includes the power to grant the franchise to a public utility company and to regulate the rates, but even if no express power to regulate rates is granted, manifestly, a power to contract for irrevocable rates and thus surrender the police power to regulate for the benefit of the public cannot be inferred merely from the absence of an express grant of power to regulate.

Furthermore, the City in exercising the power granted in its charter to establish and build sewers and regulate the same, and to maintain the health and cleanliness in the City and to this end to adopt and maintain an efficient system of sewerage, was clearly acting in its governmental capacity for the protection of the health of its inhabitants—exercising an express governmental power as provided in its charter.

The power of a city to make an irrevocable contract fixing rates cannot be admitted unless its existence is very clear. *Home Telephone Co.* v. *Los Angeles,* 211 U. S. 265; *Knoxville Water Co.* v. *Knoxville,* 189 U. S. 434; *Detroit* v. *Detroit Citizens' Street Ry. Co.,* 184 U. S. 368; *Cleveland* v. *Cleveland City Ry. Co.,* 194 U. S. 517; *Columbus Ry. Co.* v. *Columbus,* 249 U. S. 399; *Muscatine Lighting Co.* v. *Muscatine,* 256 Fed. 929; *Southern Iowa Elec. Co.* v. *Chariton,* 255 U. S. 539; *Birmingham Waterworks Co.* v. *Birmingham,* 211 Fed. 497; *Knoxville Gas Co.* v. *Knoxville,* 261 Fed. 283.

Had the power to fix rates by contract been expressly granted to the City, it would be ineffective, as in violation of § 22 of the constitution of Alabama. *Mobile* v.

*Mobile Electric Co.,* 203 Ala. 574; *Birmingham Co.* v. *Birmingham,* 79 Ala. 465; *San Antonio Traction Co.* v. *Altgelt,* 200 U. S. 304; *San Antonio* v. *San Antonio Public Service Co.,* 255 U. S. 547; *Southern Iowa Elec. Co.* v. *Chariton,* 255 U. S. 539; *Denver* v. *Stenger,* 277 Fed. 865.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit by the Opelika Sewer Company to enjoin the City against preventing the plaintiff by various means at its disposal from putting into effect a schedule of rates that the plaintiff has proposed. It is to be taken that the present rates, which the plaintiff seeks to increase, are confiscatory unless the City has a right to insist upon them; and the question before us is whether the City has that right by contract or whether its enforcement of them deprives the plaintiff of its property without due process of law contrary to the Fourteenth Amendment of the Constitution of the United States as alleged in the bill. *Cincinnati* v. *Cincinnati & Hamilton Traction Co.,* 245 U. S. 446. The District Court held that there was no valid contract and issued an injunction as prayed. The City appealed to this Court.

The Sewer Company is operating under an ordinance of 1902, which purported to grant the right for thirty years, and to authorize the Company to charge not in excess of rates specified in detail. It also provided that the Company should file a written acceptance, which was done, and that the ordinance " shall thereupon become and be a contract between " the Company and the City. There can be no question that the instrument purported to be a contract and that if it was a valid one it bound the Sewer Company not to charge more than the prescribed rates. *Columbus Ry., Power & Light Co.* v. *Columbus,* 249 U. S. 399. Whether it was valid under the laws of Alabama belongs to the Supreme Court of

the State to decide.   The Constitution leaves the matter at large.   It is true that it provides that no law " making any irrevocable or exclusive grants of special privileges or immunities, shall be passed by the Legislature; and [that] every grant of a franchise, privilege or immunity, shall forever remain subject to revocation, alteration or amendment."   No doubt it is true also that the Legislature could not make such a grant indirectly by giving power to a city to make it.   But we see no reason to doubt that the Legislature without impairing its power to revoke may give a city power to make a contract from which the city of its own motion may not recede.   The City has not attempted to recede from it.   So we turn to the charter for light.

The charter of February 20, 1899, gives power " to maintain the health and cleanliness of the city, and to this end to adopt and maintain an efficient system of sewerage," § 11; and further on " to establish and build drains, sewers . . . and to regulate the same " and still later to provide for assessing upon adjacent property a part of " the expense of such sewers as the board may from time to time deem necessary for the purpose of receiving sewerage from houses and lots " &c.   These provisions suggest that the Legislature expected the work to be done by the City itself.   But it is not the interest of either party to maintain that the whole transaction was void and we shall assume that the City had power to make an arrangement with a company to do the work.

The Alabama decisions construe the State Constitution and such charters to allow a contract to be made, subject to being revoked whenever the Legislature of the State may think fit.   *Greenville* v. *Greenville Water Works Co.,* 125 Ala. 625, 639.   *Weller* v. *Gadsden,* 141 Ala. 642, 655, 659.   *Gadsden* v. *Mitchell,* 145 Ala. 137, 157.   *Mobile Electric Co.* v. *Mobile,* 201 Ala. 607, 609.

It seems to us that the words of the charter " to establish and build sewers and to regulate the same " are used

with reference to sewers built by the City and the regulation of the City's own property. They do not go far enough to empower it to regulate prices charged by another—and in short we find no grant of that character elsewhere. But, as we have said, the Alabama decisions sustain the conclusion that the City had the power to make the contract upon which it relies. In *Bessemer* v. *Bessemer City Water Works,* 152 Ala. 391, it was held that a city even though having the power to regulate rates could bind itself by contract, but the precise language of the charter does not appear. The Federal Circuit Court of Appeals in the same jurisdiction takes the same view of the Alabama decisions that we have expressed. *Birmingham* v. *Birmingham Waterworks Co.,* 213 Fed. 450, affirming s. c. 211 Fed. 497.

*Decree reversed.*