## McNEELY v. MAYOR AND BOARD OF ALDERMEN OF CITY OF NATCHEZ.

(Circuit Court of Appeals, Fifth Circuit. March 31, 1925.)

No. 4485.

Commerce ⬤⟞55, 63—City without power to prohibit operation of interstate ferry or exact license fee for privilege.

While municipal corporations may adopt and enforce reasonable regulations for the safety and convenience of the public using ferries, and may fix reasonable rates to be charged in carrying passengers, vehicles, and freight from their own shores, they cannot prohibit the operation of interstate ferry, nor exact a license fee for the privilege of landing or taking on passengers, vehicles, etc.

Appeal from the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Bill for injunction by S. B. McNeely against the Mayor and Board of Aldermen of the City of Natchez. Decree for defendants, and plaintiff appeals. Reversed and remanded, with instructions.

L. T. Kennedy, of Natchez, Miss., and Hugh Tullis, of Vidalia, La., for appellant.

Luther A. Whittington and Wilmer Shields, both of Natchez, Miss., and J. B. Brunini, of Vicksburg, Miss., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellant, S. B. McNeely, filed his bill, seeking interlocutory and final injunctions to prevent interference by the mayor and board of aldermen of the city of Natchez with his operation of a ferry on the Mississippi river between Natchez, Miss., and Vidalia, La. The case was heard on the application for the interlocutory injunction, and from an adverse ruling this appeal is prosecuted.

There is no dispute as to the material facts, which are these: McNeely is the owner of three ferryboats, and for something over 20 years has been operating a ferry between Natchez and Vidalia, for which privilege he paid a license fee to each town. He also owns real property suitable for ferry landings on the river front, both at Vidalia

and Natchez, and the necessary floating landing stages. His contract with Natchez has expired, and there is some question as to whether his license from Vidalia has been forfeited; but that is immaterial, as the same argument applies to both towns.

In June, 1924, the city of Natchez adopted an ordinance providing for public ferries between the said two towns. The ordinance is rather lengthy, but may be thus epitomized: It prohibits the operation of a ferry from any other landing than that fixed in the ordinance, prescribes rates to be charged, schedules to be maintained, the size and character of boats to be employed, contemplates the granting of an exclusive privilege to operate the ferry for the term of 10 years, on payment of an annual fee of $2,-000, and imposes a penalty of $30 a day on any one else operating a public ferry from the city of Natchez without a franchise from the mayor and the board of aldermen.

Appellant alleges that his property, used in the operation of his ferry, is worth over $100,000, and it is admitted that it is worth $60,000. It is also admitted that his annual revenue exceeds $5,000, and that he will be totally deprived of it if the ordinance is made effective. It is the contention of appellant that it is beyond the power of the city of Natchez to exact a license fee for the operation of a ferry, as it would be a direct and unreasonable burden upon interstate commerce, and, furthermore, that the ordinance, if made effective, would deprive him of his property without due process of law. Appellees concede that the operation of a ferry across the boundary stream between two states is interstate commerce, but contend that an exception is made in the case of ferries, and that the states have the right to grant exclusive franchises for ferries operating from their own shores, as Congress has never legislated on this particular subject.

This court had to consider practically the same question here presented in the case of Long v. Miller, 262 F. 362, and the decision in this case might be rested on the exhaustive and well-considered opinion of the late Judge George Whitfield Jack, adopted by the court in that case. Undoubtedly the earlier decisions tend to support the contention of appellees. But in the later cases, particularly Port Richmond Ferry v. Hudson County, 234 U. S. 317, 34 S. Ct. 821, 58 L. Ed. 1330, and City of Sault Ste. Marie v. International Transit Co., 234 U. S. 333, 34 S. Ct. 826, 58 L. Ed. 1337, 52 L. R. A. (N. S.) 574, it is clearly held that, while the states, and consequently municipal corporations acting under their authority, may adopt and enforce reasonable regulations for the safety and convenience of the public using ferries, and may fix reasonable rates to be charged in carrying passengers, vehicles, and freight from their own shores, they cannot prohibit the operation of a ferry, nor exact a license fee for the privilege of landing or taking on passengers, vehicles, etc.

In justification of the ordinance it is the contention of appellees that it was designed to secure adequate service for the public at reasonable rates on ferries forming a connecting link between public highways in Louisiana and Mississippi; that the schedules maintained by appellant were inconvenient and insufficient and the rates charged by him were exorbitant; that if any one else was allowed to operate a ferry between Natchez and Vidalia, a ferry operated under the provisions of the ordinance would be unprofitable and could not be established, so that the public would suffer. Based on this, appellees say, as Congress has never legislated on the subject of ferries, it is within the province of the states to grant exclusive ferry franchises for the benefit of the public, and the burden on interstate commerce is negligible.

Practically the same question, although applied to interstate highways, was recently considered by the Supreme Court in the cases of Buck v. Kuykendall, 45 S. Ct. 324, 69 L. Ed. ——, and Bush v. Maloy, 45 S. Ct. 326, 327, 69 L. Ed. ——, both decided March 2, 1925, and the argument was declared to be unsound. Under authority of the cases above cited it would seem clear that appellant was entitled to a preliminary injunction to prevent interference with the operation of his ferry from his own landing. He could not be required to secure a license from the city of Natchez for that purpose, and the city could not prevent his using his own property as a landing under the conditions disclosed by the record.

It is not contended that the ordinance was intended to apply to appellant, except to prohibit his operation of a ferry at all; so no question arises at this time as to any regulations provided by it. On the showing made, appellant was entitled to an interlocutory injunction to preserve the status quo pending a final determination of the suit on its merits.

The judgment appealed from is reversed, and the case remanded, with instructions to grant an interlocutory injunction as prayed for.