## McNEELY v. MAYOR AND BOARD OF ALDERMEN OF CITY OF NATCHEZ.

(Circuit Court of Appeals, Fifth Circuit. March 26, 1926.)

No. 4694.

1. **Landlord and tenant ⊜61—Ferry owner, using landing under lease with city, held estopped to deny city's title.**

A tenant, or one in permissive possession of property, is estopped from disputing his landlord's or licensor's title, and ferry owner, using landing under lease from city, is estopped to deny city's title thereto.

2. **Ferries ⊜27—City held authorized to regulate all ferries, and injunction against enforcement of regulations properly denied.**

City authorized "to lease and regulate all ferries" *held* authorized to regulate ferries not owned by city, and injunction restraining city from enforcing regulations properly denied.

Appeal and Cross-Appeal from the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Suit by S. B. McNeely against the Mayor and Board of Aldermen of the City of Natchez. From the decree rendered, plaintiff appeals, and defendants cross appeal. Decree affirmed on both appeals.

See, also, 4 F.(2d) 899.

L. T. Kennedy, of Natchez, Miss., and Hugh Tullis, of Vidalia, La. (E. H. Ratcliff and L. T. Kennedy, both of Natchez, Miss., and Hugh Tullis, of Vidalia, La., on the brief), for appellant and cross-appellee.

Luther A. Whittington, of Natchez, Miss., John Brunini, of Vicksburg, Miss., and J. H. Price, of Magnolia, Miss., for appellees and cross-appellants.

Before WALKER and FOSTER, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. When this case was here on a former appeal from a decree denying a preliminary injunction sought by the appellant, it was decided that he was entitled to a preliminary injunction to prevent interference with the operation of his ferry from his own landing, his bill alleging that he owns a lot or parcel of ground in the city of Natchez convenient and suitable for a ferry landing. McNeely v. Mayor and Board of Aldermen (C. C. A.) 4 F.(2d) 899.

The case is now before us on an appeal of the same appellant and a cross-appeal of the mayor and aldermen of the city of Natchez from the final decree rendered on the submission of the cause on the pleadings and evidence. That decree embodied findings of fact to the following effect: The appellant owns no real estate on the Natchez side of the river suitable for ferry landings at any ordinary stages of the water, but is using for his ferry property belonging to the city of Natchez, which he formerly acquired by lease contract with the city, which property he was put in possession of by the city at the time of the making of the original contract. That landing is not large enough to

be used with safety by appellant and any lessee of the city, or for two ferry landings. The city's lease of that landing to the appellant has expired. Those findings were supported by evidence.

That decree was to the following effect: The preliminary injunction was dissolved, in so far as it restrained the cross-appellant from seeking to repossess itself of the property leased by it to the appellant, and a permanent injunction restraining the cross-appellant from attempting to get possession of that property was denied. Injunctive relief, restraining the cross-appellant from enforcing that part of the ordinance of June 10, 1924, prescribing the rates of ferriage, the size and character of the boats to be employed, the hours of operating ferries, and other reasonable port regulations for the safety and convenience of the public, was denied. The cross-appellant was enjoined and restrained from prohibiting appellant from operating a ferry across the Mississippi river from the city of Natchez to Vidalia, which may be established by appellant and operated from his own landing or one provided by him; from requiring of appellant, before he engages in the operation of a ferry, as above provided, a bond in the sum of $2,000, or any sum, as required by said ordinance; from imposing a penalty of $30 a day, as provided by said ordinance, or any other amount, for failing to obtain a license or franchise from cross-appellant to operate a ferry from within its limits to Vidalia; and from enforcing or seeking to enforce the provisions of said ordinance, or any other ordinance, making the grant of a ferry franchise exclusive in character.

[1] On the state of facts found by the court it is not open to the appellant to question the cross-appellant's title to the ferry landing occupied and used by the former. One who acquired possession of property permissively, or as a tenant, is estopped from disputing the title of his lessor or licensor, and must first surrender possession before assuming an attitude of hostility to the latter's title. Western Union Telegraph Co. v. Louisville & N. R. Co., 250 F. 199, 206, 162 C. C. A. 335. The decree was proper, so far as it had the effect of leaving the cross-appellant free to seek to get possession of its property occupied by appellant after his rights as lessee had expired. The opinion rendered when the case was here before expressed the conclusion that a municipal corporation may be authorized to enforce reasonable regulations for the safety and convenience of the public using ferries, and may fix reasonable rates to be charged in carrying passengers, vehicles, and freight from its own shore.

[2] The part of the decree which denied injunctive relief, restraining the city of Natchez from enforcing such regulations, was attacked on the ground that authority to adopt and enforce such regulations was not conferred by its charter. By its charter the city of Natchez was authorized "to lease and regulate all ferries across the Mississippi river within said city, reserving the rent for the use thereof for any time not exceeding ten years." The power to regulate conferred by that provision extends to "all ferries across the Mississippi river within said city," and is not limited to a ferry or ferries owned by the city. This conclusion is not in conflict with the decision in the case of Opelika v. Opelika Sewer Co., 265 U. S. 215, 44 S. Ct. 517, 68 L. Ed. 985. Besides, the above-quoted charter provision is quite unlike the one which was referred to in the opinion in the just cited case. We conclude that the part of the decree which was adverse to the appellant was not erroneous.

So far as the decree was adverse to the cross-appellant, it was in accord with conclusions stated in the opinion rendered when the case was here before. The decree is affirmed, each party to pay his or its own costs.

Affirmed.