### SCOTT et al. v. VILLAGE OF THEBES, ILL., et al.

(District Court, E. D. Illinois. February 11, 1927.)

No. 38.

Commerce ⊸63—Village ordinance, exacting license for operating interstate ferry, held invalid, as putting unreasonable burden on interstate commerce (Const. art. I, § 8, cl. 3).

Village ordinance, exacting license fee for operation of ferry across river from one state to another on penalty of prosecution and fine for failure to procure license, *held* invalid as putting unreasonable burden on interstate commerce, in violation of commerce clause of federal Constitution.

In Equity. Suit by Thomas M. Scott and another against the Village of Thebes, Ill., and others. Decree for plaintiffs.

The court finds:

First, that plaintiffs are residents and citizens of the state of Missouri.

Second, that plaintiffs owned and operated, as copartners, a ferryboat running or plying between Manning's Landing, in the state of Missouri, and the village of Thebes, in the state of Illinois, both of said places being located and situated on the banks of the Mississippi river.

Third, that said river is a navigable river, and forms the boundary line between the state of Illinois and the state of Missouri.

Fourth, that plaintiffs, at the time the bill was filed, were engaged in interstate commerce, operating and using said boat in carrying and transporting, for hire, persons and property across the Mississippi river to and from said above-mentioned places.

Fifth, that plaintiffs operated daily said boat in said business.

Sixth, that the plaintiffs have complied with the admiralty laws of the United States

and the rules and regulations of the Bureau of Navigation in the said operation of said boat.

Seventh, that Manning's Landing is in Scott county, Mo., and is the home port of said ferryboat.

Eighth, that said Scott county has granted to plaintiffs a franchise or license to operate said ferryboat on the Mississippi river from and to said home port.

Ninth, that said village of Thebes is an incorporated village, situated in Alexander county, in the state of Illinois, and that the individual defendants are citizens and residents, of the state of Illinois.

Tenth, that Walter Jordan is mayor, Raymond Clutts is clerk, and Guy W. Cartner, Victor W. Spann, Roy Waddell, Gerald Clutts, Bert King, and F. D. Shields are trustees, of said village.

Eleventh, that said village, through its mayor and board of trustees, did pass and cause to be passed the ordinance relating to "ferries," set out in the bill of complaint.

Twelfth, that said ordinance, by its terms, requires the securing of license from said village as condition precedent to carrying on ferry business and/or interstate commerce on the Mississippi river.

Thirteenth, that the corporate defendant, through its agents and servants, and the individual defendants, and each of them, have attempted, and purpose to continue to attempt, to enforce said ordinance by use of prosecutions, fines, and penalties.

Fourteenth, that plaintiffs have been and will be injured and damaged in their person and property by reason of defendants' enforcement and attempted enforcement of said ordinance.

Fifteenth, that the boat of the plaintiffs lands on public property, but at a place designated to them by the said village of Thebes.

James E. Carroll, of St. Louis, Mo., for plaintiffs.

Dewey & Cummins, of Cairo, Ill., for defendants.

LINDLEY, District Judge (after stating the facts as above). In view of the court's finding, assented to by the respective parties, and the pleadings, the only question of which this court has jurisdiction at this time is the validity of sections 1, 2, 3, 4, 8, and 9 of chapter 12 of the Ordinances of the Village of Thebes, in so far as such sections affect the plaintiffs, who are conducting a ferry from the Missouri side of the Mississippi river to the Illinois side, carrying passengers

and freight for hire. Under these sections the plaintiff is required to pay a license to the village of Thebes for the operation of a ferry across the river from one state to another, and in the absence of procuration of such license plaintiffs are rendered liable to prosecution and fine.

The court is of the opinion that the sections mentioned are invalid, because they place an unreasonable burden upon interstate commerce. The authorities governing are well reviewed in the two cases of Port Richmond, etc., Co. v. Board of Chosen Freeholders, 234 U. S. 317, 34 S. Ct. 821, 58 L. Ed. 1330, and Sault Ste. Marie v. International Transit Co., 234 U. S. 333, 34 S. Ct. 826, 58 L. Ed. 1337. In the former case the court says: "It is manifest, however, that the transportation of persons and property from one state to another is none the less interstate commerce because conducted by ferry; and it is not open to question that ferries maintained for that purpose are subject to the regulating power of Congress. It necessarily follows that whatever may properly be regarded as a direct burden upon interstate commerce, as conducted by ferries operating between states, it is beyond the competency of the states to impose."

In the second case, in discussing the requirement of the municipality that a license fee should be paid for the operation of a ferry over the boundary stream lying between Michigan and Canada, the court said: "It was not within the power of the state to prevent the ferry company from so doing; that this was an essential part of the interstate transportation which the state could not forbid, or burden by a privilege tax. See Philadelphia &. S. Mail S. S. Co. v. Pennsylvania, 122 U. S. 326, 343, 7 S. Ct. 1118, 30 L. Ed. 1200, 1204, 1 Interst. Com. Rep. 308."

In the case of McNeely v. Mayor (C. C. A.) 4 F.(2d) 899, the Circuit Court of Appeals for the Fifth Circuit held that a municipal corporation, though it may adopt and enforce reasonable police regulations for the safety and convenience of the public using ferries, may not exact a license fee for the privilege of operation of same, or the landing or taking on passengers and freight. In St. Clair County v. Interstate Car Transfer Company, 109 F. 743, 192 U. S. 454, the court held that the state cannot impose a license fee on a ferry across navigable boundary stream. To the same effect are Covington & Cincinnati Bridge Co. v. Kentucky, 154 U. S. 204, 14 S. Ct. 1087, 38 L. Ed. 962;

McNeely v. Mayor (D. C.) 6 F.(2d) 21; Buck v. Kuykendall, 267 U. S. 307, 45 S. Ct. 324, 69 L. Ed. 623, 38 A. L. R. 286.

In view of these various expressions, it would seem to the court well settled that the imposition of a license fee upon ferries, under the circumstances shown in this case, is not to be classed with such municipal regulations as affect the safety and welfare of the public, but rather with state and municipal legislative enactments, which place an unreasonable burden upon interstate commerce, and which are as a consequence void, being in violation of the commerce clause of the federal Constitution.

A decree may be submitted, providing for permanent injunction against the enforcement of each and all of the sections of the ordinance named.