## CUMBERLAND TELEPHONE & TELEGRAPH CO. v. STEVENS et al.

(District Court, S. D. Mississippi, Jackson Division. July 5, 1921.)

1. **Injunction ⚬⚬137(4)—Preliminary injunction denied, where rights in doubt.**

A suit by a telephone company against a number of patrons, as individuals and as representing other patrons, to enjoin them from bringing suits which are threatened in case complainant raises its present rates, which it claims are confiscatory, involves no federal question, in the absence of a state statute or order of the state Railroad Commission commanding the continuation of the alleged confiscatory rates; but where the telephone company is threatened with innumerable suits by its patrons, who are all citizens of a different state, in all of which suits there is involved a common question of law and fact, a federal court has jurisdiction on the ground of diverse citizenship, and a court of equity on the ground of preventing a multiplicity of suits, but where the confiscatory character of the present rates and the reasonableness of the proposed rates are sharply contested a preliminary injunction will not be granted.

2. **Courts ⚬⚬508(2)—Federal court held without jurisdiction to enjoin suit in state court.**

A federal court *held* without jurisdiction, under Judicial Code, § 265 (Comp. St. § 1242), to enjoin prosecution by the Attorney General of a state of certiorari proceedings in a state court against a telephone company.

In Equity. Suit by the Cumberland Telephone & Telegraph Company against J. M. Stevens and others. On motion for preliminary injunction and motion to dismiss bill. Motion for injunction denied, and motion to dismiss sustained in part.

E. D. Smith, of Atlanta, Ga., A. S. Bozeman, of Meridian, Miss., Stone Deavors, of Laurel, Miss., and George Butler, of Jackson, Miss., for plaintiff.

Frank Roberson, Atty. Gen., F. A. Lotterhos, Asst. Atty. Gen., and Hugh V. Wall, of Brookhaven, Miss., for the State of Mississippi.

HOLMES, District Judge. [1] This is not a suit to restrain the enforcement of a state statute, or any order of the Mississippi Railroad Commission, as violative of the Fourteenth Amendment. Far from being an attack upon any order of the Commission, one of its main purposes is to have such an order adjudicated valid, because. if the validity of the order is upheld, it will settle the legality of the rates in question. This was practically conceded, when it was agreed by all parties that it was not necessary to have three judges sit upon the hearing of the motion for a preliminary injunction.

While it is true that the plaintiff is entitled to a fair return at all times, while rate-making is in process as well as when completed, yet the Constitution of the United States does not guarantee it such a return, except in so far as the Fifth and Fourteenth Amendments forbid the deprivation thereof by federal or state action. Neither the state nor the Railroad Commission has done anything to prevent the plaintiff from charging reasonable rates pending a determination of the certiorari proceedings. It was the action of the plaintiff's patrons in threatening innumerable suits and to discontinue service that forced it to return to the old rates, which are alleged to be confiscatory. This was the action of private citizens, and not of the state or rate-making body.

There is no federal question in this case. The suit does not arise under the Constitution or laws of the United States, but is purely a controversy between the plaintiff and its patrons over the exchange rates it should charge them. The plaintiff is incorporated under the laws of Kentucky, and the defendants, who are sued individually and as representatives of all patrons of the plaintiff in this state, are all citizens of Mississippi.

This is a rate controversy, and this court has jurisdiction of it solely because it is wholly between citizens of different states. In this controversy between the plaintiff and its patrons, it may be necessary for the court to pass upon the validity or status of the order of March 2, 1921, by the Railroad Commission, and while a decision of that question may settle this controversy, it will not necessarily do so, as the plaintiff contends, even if the order be suspended or invalidated, that it is nevertheless entitled to charge the increased rates contended for by it, because, without those rates, it is not receiving a fair return on its investment. No statute in Mississippi subjects the plaintiff to a penalty for a violation of an unreasonable and unjust tariff of charges. Section 4883, Code 1906.

The bill alleges that the rates it is now operating under are confiscatory, and have been for some time, and that since last September it has been seeking relief from the rate-making body of the state without avail. It sets out a schedule of alleged reasonable rates which it desires to establish and put into effect, pending final fixation of reasonable rates by the proper body. This may be done, pending an unreasonable delay in the processes of rate-making which have not taken final form, if the controversy is wholly between citizens of different states, or if the court has jurisdiction on other grounds. On the motion to dismiss, the allegations that the present rates are confiscatory, that the proposed rates are fair and reasonable, that there has been an unnecessary delay in the promulgation of new rates, as well as all other facts well pleaded, are taken to be true.

The sole proper ground of equitable jurisdiction is to avoid a multiplicity of suits, and not conspiracy. A conspiracy is an agreement between two or more parties to do an unlawful thing, or to do a lawful thing in an unlawful manner. The bill does not state facts which show the defendants to have agreed to do anything unlawful, or to do any lawful thing in an unlawful way. The bill does show a bona fide dispute between the plaintiff and defendants, and numerous other parties similarly situated, over the legality of rates or charges, and equity should take jurisdiction of the controversy to prevent the plaintiff from becoming involved in a multiplicity of suits with its thousands of patrons, in all of which suits there would be a common question of law and fact to be determined, and no question of amount of damages to be fixed by a jury. The expense of litigating separately with each one of its patrons would exceed the small fixed amounts involved in each case, in which exactly the same principles of law and exactly the same proof would be necessary. In such circumstances it is proper that a court of equity should settle all of the controversies in one suit, and stay separate proceedings at law.

[2] No injunction should issue to restrain the certiorari proceeding pending in the circuit court of Hinds county, not only because such an injunction is unnecessary to protect the rights of the plaintiff, but because the same is prohibited by section 265 of the Judicial Code (Comp. St. § 1242).

The motion to dismiss will be sustained, in so far as the bill seeks to enjoin the Attorney General from prosecuting the certiorari proceedings in the circuit court of Hinds county; but otherwise it will be overruled, and the cause, which involves the most intricate accounting, referred to a master to take testimony and report.

Coming to a consideration of the facts, the reasonableness of the proposed rates is sharply disputed, and the confiscatory character of the existing rates is vigorously denied. An injunction pendente lite, changing the status quo, should not be issued, unless it clearly and conclusively appears that the party is entitled thereto. Taking all the facts of this case into consideration, the court does not feel justified in granting the plaintiff's motion for a preliminary injunction, and this motion will be overruled.

An order may be taken in accordance herewith.