ROBBINS et al. v. ELK BASIN CONSOL. PETROLEUM CO.

(District Court, D. Wyoming. October 28, 1922.)

No. 1203.

1. Mines and minerals ⬤⟶5—Claimant not required to apply for lease, but gives up right to prosecute claim under placer law by doing so.

Under Act Feb. 25, 1920, relative to leases of mineral land, persons claiming rights under the prior placer mining law were not required to apply for a lease, but might maintain and prosecute their claim under the placer mining law; but, where they applied for a lease, they elected to prosecute the claim further by submitting it to the Interior Department under the leasing act, and gave up their right to prosecute it under the placer mining law, especially where they transferred their alleged titles to the government by deed as a condition precedent to receiving a lease.

2. Public lands ⬤⟶106(1)—Determination by Land Department binding on the courts.

A determination by the Land Department of matters properly before it is binding on the courts.

3. Mines and minerals ⬤⟶5—Departmental finding that applicant for lease had abandoned claim held binding in possessory suit.

An adjudication by the Interior Department that persons applying for an oil and gas prospector's lease under Act Feb. 25, 1920, had abandoned the claim and were not entitled to a lease, is binding in a possessory suit between the applicant and an adverse claimant under the placer mining law.

4. Mines and minerals ⬤⟶38(1), 39—Adverse suit is possessory, and right to patent to successful party rests solely with Interior Department.

A suit between adverse claimants of an oil placer mining claim is purely possessory, and it rests with the Interior Department to pass on the successful party's right to a patent.

5. Mines and minerals ⬤⟶38(2)—Plaintiff, whose claim cannot be maintained in adverse suit, not entitled to trial to put defendant on proof.

Under the law permitting the right of possession of placer mining claims as between conflicting claimants to be determined in adverse suits, defendant need not even pray for an adjudication in his own behalf, but may defend, and defeat plaintiff on the weakness of plaintiff's own claim, and hence, where it appears, in advance of the trial under equity rule No. 29 (198 Fed. xxvi, 115 C. C. A. xxvi), that plaintiff's claim cannot be maintained, he is not entitled to a trial in order to put defendant on his proof.

6. Mines and minerals ⬤⟶38(5)—Court does not look with favor on failure to assert rights while another develops property.

The courts do not look with favor on the act of a claimant of a placer mining claim, who is out of possession, in sitting quietly by and permitting defendant to develop the land and spend large sums of money thereon, bringing about a demonstration of its oil-bearing character, without making any effort to assert any rights which he might have for six years.

In Equity. Suit by Lloyd Robbins and others against the Elk Basin Consolidated Petroleum Company. Bill of complaint dismissed.

John R. Smith, of Denver, Colo., for plaintiffs.

James G. Stanley, A. K. Barnes, and Kent S. Whitford, all of Denver, Colo., for defendant.

KENNEDY, District Judge. The above-entitled cause is in the nature of an adverse suit involving a certain oil placer mining claim in this district. The action was begun in the district court of Hot Springs county in the state of Wyoming and subsequently removed to this court. The bill of complaint, designated in the state court as a petition, sets forth the claims of plaintiffs upon which they predicate their prayer for an adjudication of their right to possession of the premises involved.

The answer filed is in the form of seven separate defenses. Three of these defenses, namely, the fifth, sixth, and seventh by number in the answer, set up either legal defenses or those which permit of a trial before final hearing, and which, if sustained, would terminate the litigation without a trial upon the merits of the entire controversy. Equity Rule No. 29 (198 Fed. xxvi, 115 C. C. A. xxvi). Application was made to the court on the part of the defendant for a hearing upon the three defenses above mentioned, and the plaintiffs, through their counsel, having consented to the same, the cause was set down for trial by the court upon the petition or bill, in so far as the same was challenged by the three defenses hereinbefore referred to, submitted to the court and taken under advisement.

The fifth defense contained in the answer may be briefly stated: That the plaintiffs had made application for an oil and gas prospector's lease upon the premises in controversy, under the Act of February 25, 1920 (41 Stat. 437); that the defendant protested the issuance of a lease; that a hearing was conducted before the Department of the Interior and an adjudication made by the department that the plaintiffs had abandoned the claim, and were not entitled to a lease under the aforesaid leasing act.

The defendant at the hearing in this cause introduced in evidence authenticated copies of the proceedings before the Interior Department, which seem to support the contention of the defendant set forth in said fifth defense. If as a matter of law such an adjudication becomes final and a bar to the prosecution of this suit on behalf of plaintiffs, it must follow that the bill should be dismissed.

[1] Under the so-called leasing act claimants to mineral land were permitted, under certain restrictions which it is not necessary to discuss in detail here, to make application for lease to the Interior Department, in which that department might take into consideration the acts done by claimants under the oil placer mining laws in effect prior to the passage of the leasing act, and award to claimants under certain circumstances a preference right to such lease. The leasing act did not, however, presume to take away from any claimant vested rights which he might have accruing through operation under the placer law prior to the leasing act, which had progressed to the extent of actual

discovery of oil in such quantity as to make it fairly determinable that it was a valid and subsisting claim.

In this cause, therefore, the plaintiffs were not required to make an application for a lease upon the premises, but had the right, if they so desired, at their own option, to maintain and prosecute their claim under the placer mining law, through which it had been taken up. It would seem to the court, therefore, to follow in natural course that the plaintiffs elected to prosecute their claim further by submitting it to the Interior Department under the leasing act, and giving up their right to prosecute their claim under the placer mining law. Their position is distinct from that of the defendant, who appeared before the department, not as a prospective lessee of the premises, but as a protestant against the granting of a lease by the department to the plaintiffs, and proceeding to attempt a perfection of its title to the premises by application for patent.

[2] The record clearly shows that the Department of the Interior made its finding against the application of a lease to plaintiffs upon the premises, predicated upon the fact as found that the plaintiffs had abandoned their claim, and that it had not reached such a stage as to entitle them to any preference right to a lease. The legal phase of this situation would seem to be whether or not this is such a finding and adjudication by the Interior Department as to govern this court in the present controversy. It has been held repeatedly by the federal courts that a determination by the Land Department of matters which are properly before it is binding upon the courts. Edwards v. Begole, 121 Fed. 1, 57 C. C. A. 245; Harvey v. Holles (C. C.) 160 Fed. 531.

[3, 4] Under this court's analysis of the facts as above outlined, I am of the opinion that the adjudication by the department involving this claim and the rights of the plaintiffs in and to the same, although in a different proceeding and under a different law, was such as to bind this court in the present cause. The essential facts upon which the plaintiffs must base their right to a favorable judgment here are identical with the facts upon which they based their right to a favorable action before the department under the leasing act. This view is further supported by reason of the fact that in an adverse suit the matter determined is purely one of possession as between two claimants, and the ultimate matter to be decided in awarding rights in government lands rests solely with the Interior Department. Perego v. Dodge, 163 U. S. 160, 16 Sup. Ct. 971, 41 L. Ed. 113. The record also shows that in the proceedings before the Interior Department the plaintiffs transferred all their alleged titles in and to the property by deeds to the government as a condition precedent to receiving a lease, which transfers, so far as the record discloses, have never been set aside.

The sixth defense is that the plaintiffs did not commence their action within the time limited by statute, and involves the construction of the statutes of Wyoming relating to the commencement of actions. This phase of the matter now before the court will not be discussed.

[5] The seventh defense challenges the sufficiency of the bill, and also, in a second paragraph, avers that the bill discloses on its face

that plaintiffs are guilty of laches, and therefore not entitled to the relief prayed for. It is earnestly maintained by the defendant that there is no such an allegation of discovery of mineral or of possession and diligence in the prosecution of work upon the claim as under the circumstances would entitle the plaintiffs to an affirmative judgment, even though the facts therein set forth were taken as true. The plaintiffs maintain that, under the law permitting the right of possession as between conflicting claimants to be determined in adverse suits in courts of competent jurisdiction, that they, the plaintiffs, independent of sufficient facts set forth in their bill, are entitled to a trial, and that the cause must be continued and tried if for no other purpose than to put the defendant upon his proof to ascertain whether or not he is able to sustain his claim to the premises.

Regardless of the views which have been expressed by some authors tending to sustain a rule of this character, I think the courts have generally held that the defendant in an adverse suit may not even be required to himself pray for an adjudication in his own behalf, but may defend and defeat the plaintiff upon the weakness of plaintiff's own claim, or that the action of plaintiff may be dismissed for want of prosecution, or for other reasons previous to the trial. It would seem to me that, where plaintiff's claim is of such a character that it cannot be maintained, which fact is determinable in advance of the trial upon the merits, it would be a useless proceeding to require the defendant to proceed with his side of the case, and win a verdict or judgment in a court, when that judgment would be merely advisory to the Interior Department, if obtained. Perego v. Dodge, supra, and cases there cited.

The determination of the right of possession by the court would be only effective as between two adverse claimants, still reserving to the department the right to pass upon the proofs of the winning party as to whether or not all the necessary steps had been taken to entitle that party to a patent, which steps would include continuous possession, as well as the discovery of mineral, the required assessment work, and the like. It seems to me to make little difference to the department when the elimination of one party is determined, whether by the court after a trial upon the pleadings, or after full evidence has been taken. The trial is no less a trial because determined upon some of the issues than if determined upon all of the issues in the case.

If it should be held as a matter of law that the pleadings of the plaintiffs, admitting the facts therein stated to be true, entitle them to no relief, and yet requiring the cause to proceed and allowing plaintiffs to introduce evidence, the plaintiffs would be in no stronger position, as is contended by defendant, than an outsider placing himself in a position to require the defendant to go to the expense of proving his right of possession in a court, which, if the cause had not been filed by plaintiffs, he would only be required to prove before the Interior Department in his proceedings to obtain patent. The petition seems to lack some of the essential allegations of fact which would be necessary for plaintiffs to prove before a court would be entitled to award a judgment for possession in their favor.

[6] The other element of laches raised by the seventh defense seems to me to be an important one in the consideration of this cause. The bill on its face discloses that the plaintiffs were out of possession for six years before any effort was made to assert any rights which they might have to the premises, and in the meantime they sat quietly by and permitted the defendant to develop the land and spend large sums of money thereon, which brought about the demonstration of the oil-bearing character of the land, which is evident from the fact that the defendant is now making application for patent upon the same. The courts do not look with favor upon this sort of action.

For the reasons stated, findings will be made in accordance with this memorandum, and that the bill of complaint or petition of plaintiffs be dismissed, without, however, any affirmative finding as to the rights of the defendant in the premises, as no evidence has been presented by defendant upon this phase of the cause, and a decree entered in favor of the defendant in accordance with the findings, with costs in favor of defendant, and reserving to plaintiffs their exceptions in the premises.