### SCHNITZLER v. YELLOWLEY, Acting Federal Prohibition Director for State of New York, et al.

(District Court, E. D. New York. January 22, 1923.)

Injunction ⊛137(4)—Injunction denied in suit to review revocation of permit, complainant's good faith being in doubt.

In a suit to review action of the commissioner in revoking a permit as provided in Prohibition Act, tit. 2, § 9, which also provides that pending such suit "such permit shall be temporarily revoked," the court, even if it has the power, will not enjoin enforcement of the order of temporary revocation, if the circumstances cast doubt on the good faith of complainant in complying with the law under the permit.

In Equity. Suit by Dorothea Schnitzler against Edward C. Yellowley, Acting Federal Prohibition Director for the State of New York, and another. On motion for temporary injunction. Denied.

Celler & Kraushaar, of New York City (Emanuel Celler and Meyer Kraushaar, both of New York City, of counsel), for complainant.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y., for defendants.

GARVIN, District Judge. This is a motion for an injunction pendente lite, enjoining and restraining the defendants from carrying out an order heretofore issued by them. Complainant, an owner of a drug store, was suspected of an illicit trading in liquor. There appeared a shortage of 59½ gallons of whisky and 214 gallons of wine. She alleged a robbery of her store as an explanation of this shortage. She also asserted that her drug clerk was often seen by neighbors carrying off quantities of whisky from her premises. She subsequently discharged this clerk. But the prohibition director recommended the revocation of her permit; the federal prohibition commissioner accepted the recommendation and revoked the permit, with the exception that the complainant may have the right to purchase, use, and sell alcohol.

Title 2, section 9, of the National Prohibition Act (41 Stat. 311), confers the power of revoking a permit upon the Commissioner of Internal Revenue, or any one designated by him. The federal prohibition commissioner is such an one, and acting on this he revoked complainant's permit. He was entirely within his right in so acting. The complainant asks a review of his actions by this court, as permitted by said section 9, but also asks for an order from this court restoring her privileges under the permit, contending that "during the pendency of such action such permit shall be temporarily revoked" is not mandatory. But, regardless of this, has complainant shown this court sufficient reason to so act? I think not. What complainant alleges happened, as a result of which her stock was depleted, rather suggests bad faith with the government on her part in not having taken proper precautions to guard against such occurrences. That she is losing money because of her inability to sell the quantity of wines and whisky she might have done, if her permit had so entitled her to this quantity, is not sufficient for the extreme action she asks this court to take.

Motion denied.