516     McMILLAN v. SIMS.

Statement of Case.            [129 Wash.

---

[No. 18602.   Department One.   May 5, 1924.]

GEORGE N. McMILLAN *et al., Appellants,* v. E. A. SIMS
*et al., Respondents.*[1]

CONSTITUTIONAL LAW (102)—FISH (17)—CLASS LEGISLATION—
STATE FISHERIES BOARD—REGULATIONS—DISCRIMINATION.  The state
fisheries board in exercising its powers to regulate the taking of
fish cannot arbitrarily prohibit some from fishing and permit others
similarly situated to fish in waters that are all practically the same
waters.

Appeal from a judgment of the superior court for
Skagit county, Joiner, J., entered March 17, 1924, upon
sustaining a demurrer to the complaint, dismissing an
action for equitable relief.  Reversed.

*C. E. Abrams* and *Thomas Smith,* for appellants.

*The Attorney General, E. W. Anderson, Assistant,
Warren J. Gilbert,* and *Walter H. Hodge,* for respond-
ents.

[1]Reported in 225 Pac. 240.

HOLCOMB, J.—The trial court sustained a demurrer to the complaint of appellants, upon which they refused to plead further and stood upon the complaint, whereupon the action was dismissed.

The error claimed is in the sustaining of the demurrer and dismissing the action. The complaint, briefly, sets forth the following facts:

Plaintiffs, in common with other trap owners holding trap locations on West Shore, West Beach, Whidby Island, and in Burroughs Bay adjacent to Fidalgo Island, are engaged in the common enterprise of fishing and taking salmon with traps at the same time in each year, and from the same schools. The waters in which plaintiffs' traps and the traps in Burroughs Bay, and upon West Beach and West Shore, Whidby Island, are situated are contiguous, connected, form a part of Puget Sound, as defined by all orders of the state fisheries board, and the fish in question pass successively along West Beach to and through Deception Pass into Skagit Bay, where the traps of plaintiffs are located, or through Burroughs Bay and around Fidalgo Island to Skagit Bay, or southerly along the west shore of Whidby Island and around the southerly end thereof, and through Saratoga Passage into Skagit Bay. The preserve created by the portion of the order complained of attempts to prohibit fishing within Deception Pass and within Skagit Bay, without any application to the waters of Burroughs Bay, or of West Beach or West Shore, Whidby Island, contiguous to and connected with the same. The traps maintained in Burroughs Bay and upon West Beach and West Shore are twenty-four in number; the traps maintained by plaintiffs and affected by the portion of the order complained of are ten in number. In the year 1923, plaintiffs by order of the board were compelled to use five-

inch mesh web in their traps, while the Burroughs Bay, West Beach and West Shore traps used, during the same year, a three-inch mesh web in their traps. Otherwise the traps of plaintiffs and the West Beach, West Shore and Burroughs Bay owners were all operated similarly and with similar appliances and equipment.

In connection with these allegations it is alleged that the spawning ground used by the schools of salmon passing by and through the traps of plaintiffs, and upon West Beach and West Shore and in Burroughs Bay aforesaid, and common to all of said salmon, are located in the Skagit river, and that in all fishing operations heretofore and which will be hereafter conducted by each and all of the trap owners of West Beach, West Shore and Burroughs Bay and Skagit Bay, including the plaintiffs, the same schools of salmon in passing to the spawning grounds in Skagit river have passed and will pass successively by and through all of the traps; that great numbers of the various species of salmon have been annually taken by the West Beach, West Shore and Burroughs Bay traps, which number has been annually greatly in excess of the salmon taken by plaintiffs in their Skagit Bay traps; that if plaintiffs' traps are in any wise destructive to the various species of salmon described in the complaint, and if plaintiffs' combined operations have in any wise prevented perpetuation of the salmon species, the West Beach, West Shore and Burroughs Bay traps have contributed much more thereto than plaintiffs' traps, and that the enforcement of the portion of the order complained of is discriminatory, since its effect is to grant to persons similarly situated as plaintiffs, viz.: the West Beach, West Shore and Burroughs Bay trap owners, the right to fish from the same schools of salmon, and to deny to plaintiffs as persons similarly situated the right so to do, creating in effect

a monopoly in favor of West Beach, West Shore and Burroughs Bay trap owners, to the prejudice and injury of plaintiffs in their constitutional right as persons similarly situated to also fish from the same schools of salmon, and that the portion of the order complained of is a discriminatory and class enactment and in violation of the constitutional rights of plaintiffs as citizens of the United States and of the state of Washington, under the provisions of § 12, of Art. I, of the state constitution, and § 1 of the fourteenth amendment to the constitution of the United States, according to all citizens equal protection of the laws.

It is further alleged that the combined business and industry of fishing and taking salmon heretofore conducted by plaintiffs will be, by the enforcement of the portion of the order complained of, destroyed without a necessity, or even a reason therefor, in this: that if a necessity exists for protection and perpetuation by a state fisheries board rule and regulation, the same does not extend to the prohibition, but can be reached by a certain closed weekly season described in the complaint and applying equally to West Beach, West Shore and Burroughs Bay trap owners and to the plaintiffs as persons similarly situated by reason of similar conditions existing in all the territory comprised in the various locations of all the traps.

It is further alleged in support of the prayer for immediate injunctive relief that unless the order is immediately held void plaintiffs will be unable to fish their respective locations for the fishing season of the year 1924, since this season begins May 1st, 1924, and construction of traps must begin not later than April 1st, 1924, in which construction material must be used which can be procured only upon orders from factories a long distance removed from Skagit county, Washington, and that unless plaintiffs' contentions are speedily

determined in their favor they will be unable to fish, and thereby suffer irreparable loss and injury for which they have no remedy at law.

Summarizing, appellants, by their complaint, prayed the right to present testimony to establish two facts pleaded:

First: that they and the West Beach, West Shore and Burroughs Bay trap owners are similarly situated, and that the fishing operations of each heretofore conducted and hereafter to be conducted have produced and will produce a similar effect, varying only in degree of prejudice and injury to the perpetuation of the salmon species, if any such effect can be found to exist in fact.

Second: that no reason or necessity exists, or has existed, or will exist, for closing the fishing in the waters where appellants' traps are located, but that instead appellants' combined business and industry can be maintained and continued in common with that of the West Beach, West Shore and Burroughs Bay owners by the establishment of a certain closed weekly season, if, in fact, any preventive regulation is necessary.

The demurrer, of course, admitted the truth of all the allegations well pleaded in the complaint. The only question, therefore, is whether those allegations sufficiently allege fraudulent, capricious or arbitrary action on the part of the state fisheries board to warrant the relief sought.

Respondents assert that the well established principle in this state that the state owns all of the fish and game while in the state of nature, and in legislating in reference thereto simply legislates with reference to its own property, justifies such order as here made, relying on *State v. Tice,* 69 Wash. 403, 125 Pac. 168, 41 L. R. A. (N. S.) 469, and *Vail v. Seaborg,* 120 Wash.

126, 270 Pac. 15. Respondents then contend that there is a vital distinction between legislation affecting the privilege of taking fish, and that affecting ordinary private businesses in which persons acquire vested rights.

It is true that we held in *Vail v. Seaborg, supra,* that the present fisheries code could be upheld as valid and constitutional for the reason that the act was merely regulatory, dealing with property belonging wholly to the people of the state; that the details of such regulation merely were committed to administrative officers. And we held in *State v. Tice, supra,* that there is no private right or privilege to take fish in the waters of the state except as granted by the state, and that the Laws of 1911, page 496, regulating fishing for salmon and making a different closed season in different waters of the state was not unconstitutional or unreasonable, since it affected equally and impartially all persons similarly situated.

But that is not the case here. The order here attacked does not affect equally and impartially all persons similarly situated, if the allegations of the complaint are true.

An examination of a map of the waters in the locality in question discloses that the waters in question are all practically the same waters. They are alleged in the complaint to be so contiguous and closely interrelated that apparently the same conditions must exist in all. The schools of salmon seeking the entrance to Skagit river and its tributary streams must necessarily pass through the same waters and the same traps. Hence, it would appear that the order of the fisheries board does not justly and impartially protect the fish in the waters seeking entrance to the fresh water streams of the state, but arbitrarily prohibits some from fishing in those waters, and permits others to fish. While it is true that the state may generally do with its own prop-

erty what it will, no administrative board in carrying out the intent of the legislature by the fisheries act, to protect the food fish of the state, which is the property of the state, can grant a privilege to some and deny it to others similarly situated to take food fish. Such conduct is arbitrary and discriminatory. That that is the effect of the order complained of, if the allegations of the complaint are true, cannot be doubted.

While the state fisheries board has very great powers under the act in question, which have been sustained in general by the decisions in our former cases cited, yet it is not omnipotent. The matter is affected with a very great public interest, and in dealing with the property of the state so affected by public interest, the state fisheries board must not act arbitrarily and discriminatorily.

All that is sought in this action, so far as we are now concerned, is to present facts to a trial court for the purpose of proving that no state of circumstances could exist to justify the rule complained of. While the board might adopt a rule prohibiting fishing in all the waters where these same schools of salmon run, to the end that the right to fish for the same should be taken away from all individuals, they have not the right to confer upon certain individuals and deny to others similarly situated the right to take fish upon the same conditions and terms.

The judgment appealed from is therefore reversed, with instructions to overrule the demurrer, bring the case to issue, and proceed to a trial and determination of the matter.

MAIN, C. J., MACKINTOSH, and TOLMAN, JJ., concur.