[No. 18905. Department Two. February 26, 1925.]

H. A. KAUFMAN, *Appellant,* v. JOHN WEST *et al.,*
*Respondents.*[1]

CONSTITUTIONAL LAW (102, 109)—CLASS LEGISLATION—PRIVILEGES
AND IMMUNITIES—AUTOMOBILES—REGULATION OF PARKING. An ordi-
nance prohibiting occupants of an apartment house from parking
their automobiles on the opposite side of the abutting streets, vio-
lates Const., Art. 1, § 12, providing that no law shall be passed
granting special privileges or immunities to any citizen or class
of citizens which do not belong equally to all citizens.

Appeal from a judgment of the superior court for
Lewis county, Abel, J., entered May 12, 1924, upon
sustaining a demurrer to the complaint, dismissing an
action for an injunction. Reversed.

*Hull & Murray* and *Hayden, Langhorne & Metzger,*
for appellant.

*C. A. Studebaker, H. E. Donohoe,* and *Forney &
Ponder,* for respondents.

MACKINTOSH, J.—Ordinance No. 322-A of the city
of Chehalis may be summarized as providing that it
shall be unlawful for any owner, or any occupant, or
any visitor of any apartment house, or the servant or
employee of any of the foregoing, to park his auto-
mobile on any street adjacent to an apartment house,
excepting only that portion of the street "adjacent to
and on the same side of the thoroughfare . . . to
which said apartment house is or shall be appurte-
nant." "It being the intention hereof to prohibit park-
ing on the opposite side of the street or avenue, as
well also as on the same side thereof, beyond the limits
of the premises upon which such apartment houses
are or shall be located, by any person hereinbefore

[1]Reported in 233 Pac. 321.

designated.'' This ordinance restricts only the owners, occupants, visitors and employees of an apartment house from parking their automobiles where they may see fit, and is plainly violative of § 12, art. 1, of the state constitution, providing:

"No law shall be passed granting to any citizen, class of citizens, or corporation, other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations."

It is unjust, unreasonable and discriminatory in that it does not operate alike on all persons and property under the same circumstances and conditions, and is therefore class legislation in discriminating against some and favoring others. It presents nothing but an arbitrary selection and as such is invalid. The recent case of *Sherman Clay & Co. v. Brown,* 131 Wash. 679, 231 Pac. 166, sufficiently discusses this question, so that no repetition of the authorities is here necessary.

The action of the trial court in sustaining the ordinance is reversed, with instructions to overrule the demurrer and to enter a decree holding the ordinance invalid and enjoining the respondents from its enforcement.

TOLMAN, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.