Robinson, J.
 

 This case was heard by the Public Utilities Commission, after due notice, upon the application of the plaintiff in error for a certificate of convenience and necessity to operate a motor transportation company over the highway between Bryan, Ohio, and Waterloo, Ind.
 

 The evidence of the applicant was heard, and the depositions of several persons in behalf of the applicant were received in evidence by the commission. The evidence rather fully disclosed' the character of the public transportation service now in operation between those points, and the industries in and the number of inhabitants of the territory sought to be served.
 

 In addition to the evidence of existing transportation service and other accommodations in that territory, each of the .witnesses offered by the plaintiff in error testified, in substance, that in his opinion there existed a public necessity for additional transportation facilities over the route described in the application. ' No evidence was offered in opposition to the granting of the certificate, and no protests were filed.
 

 The commission found:
 

 “That adequate transportation facilities now exist between Bryan, Ohio, and the Ohio-Iridiana
 
 *606
 
 line, covered in the application therein, and that there is not at the present a necessity for granting of certificate to operate a motor transportation company over the route set out in the application, * * * certificate * * * denied.”
 

 An application for a rehearing was made and denied, and error is prosecuted from such denial.
 

 The application for rehearing, in substance, recited, and the error here assigned, in substance, is, that the denial of the certificate operated as an interference with interstate commerce, and that the order of the commission is against the weight of the evidence.
 

 The record, however, discloses that during the hearing the commission inquired of the applicant whether he desired a certificate to operate an exclusively interstate motor transportation service in case a certificate to operate an intrastate motor transportation service should be denied, to which he replied that he did not desire a certificate to operate an exclusively interstate motor transportation service. He will not now be heard to complain of not receiving that which he disclaimed any desire to receive.
 

 In this class of cases a party is entitled to bring his cause here for determination upon the weight of the evidence, and this court will inquire whether the finding and order of the commission lacks such proof as to render it unreasonable and unlawful, but it does not follow that, because all the evidence was offered by the party complaining, and each of his witnesses gave testimony that in his opinion public necessity and convenience required motor transportation service, thereby that fact was es
 
 *607
 
 tablished. The public convenience and necessity, or lack thereof, is established by proof of the conditions existing in the territory to be served, and it is the function of the commission to draw its own conclusion and form its own opinion from the proof of the conditions in the territory, rather than from the consensus of opinions of witnesses upon the ultimate fact as to the existence or nonexistence of the public necessity and convenience.
 

 The evidence discloses: That Bryan, Ohio, is a town of approximately 5,000 inhabitants. That, situated between Bryan and the Ohio-Indiana state line, on the route applied for, is the town of Edger-ton, with approximately 1,500 inhabitants. That the route parallels the Toledo & Ohio Central Railroad, which operates train service upon the following schedule: West, 7:49 a. m., 9:04 a. m., 3:57 p. m., and 8:40 p. m.; East, 6:39 a. m., 8:09 a. m., 3:35 p. m., 5:59 p. m., and 6:26 p. m. That some of these trains do not stop at Edgerton, but all of them stop at Bryan. It is apparent that, since there are five trains operating from east to west, there is another train operating from west to east which the record does not disclose.
 

 The record also discloses that a bus line was at one time operating on this route and was voluntarily discontinued some two years ago.
 

 Upon such evidence we cannot say that the order of the commission denying the application is unreasonable or unlawful.
 

 Order affirmed-
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Kinkade, JJ., concur.