## SCHAPPI BUS LINE, Inc., v. CITY OF HAMMOND.

(Circuit Court of Appeals, Seventh Circuit. March 12, 1926.)

No. 3668.

1. **Municipal corporations** ☾626.

Police regulations must be fair and reasonable for all citizens alike, so far as possible, and without discrimination.

2. **Automobiles** ☾61—Ordinance prohibiting operation of motor vehicles for hire on certain streets, but excepting vehicles operating under contract with city, held unreasonable, discriminatory, and invalid.

City ordinance, prohibiting operation of motor vehicles for hire on certain streets, and prohibiting them from stopping to load or unload passengers within several miles of business district, but providing that it should not be construed to impair obligation of any contract, *held* unreasonable, discriminatory, and

invalid as police regulation, where parking was permitted on both sides of streets and another motor bus company was permitted under its contract to do things prohibited by ordinance.

Appeal from the District Court of the United States for the District of Indiana.

Suit by the Schappi Bus Line, Incorporated, against the City of Hammond. Decree for defendant, and plaintiff appeals. Reversed with directions.

William J. Whinery, of Hammond, Ind., for appellant.

L. L. Bomberger, of Hammond, Ind., for appellee.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. Appellant, incorporated under the laws of the state of Indiana, operates three bus lines, for each of which it has a certificate of public convenience and necessity from the Public Service Commission of Indiana. With the first line, it does a purely interstate business from Sixty-Third street and South Park avenue, in the city of Chicago, Ill., into appellee, a city of Indiana. The second line does business between Calumet City, Ill., to and through appellee, and through a part of East Chicago, Ind. The third line operates over public highways within appellee. All requirements of the laws of the state of Indiana were complied with.

Appellant's bill for injunction, to restrain appellee from interfering with the operation of its busses, was dismissed. The interference consisted of 20 or 30 arrests of appellant's chauffeurs on one charge and another, but all based on alleged violations of appellee's Ordinance No. 1945. The interference consisted, also, in the exclusion of certain of appellant's busses from certain streets altogether, and of preventing them from stopping anywhere within several miles of the business center of appellee for the purpose of loading and unloading passengers in the street.

Appellee admits the charge of interference, and insists that its acts will be repeated as often as necessary to prevent the operation of appellant's busses contrary to the provisions of appellee's said Ordinance No. 1945, upon which it wholly relies for justification of its acts. It does not claim that any other rule, regulation, ordinance, or provision is violated by appellant. The ordinance reads:

"An ordinance regulating and routing certain vehicles for hire and prohibiting their use of certain streets within the city of Hammond.

"Section 1. Be it ordained by the common council of the city of Hammond, Indiana, that in order to promote public safety and order and to diminish the congestion of vehicular travel within said city, from and after the taking effect of this ordinance, it shall be unlawful for any person, firm, or corporation owning or operating any motor vehicle engaged in transporting passengers for hire, to move or run such vehicle on, upon, or over any of the following parts of streets within said city of Hammond, to-wit:

"On Hohman street, from Russell street to Michigan avenue;

"On State street, from Morton court to Calumet avenue;

"On Sibley street, from the easterly line of the right of way of the Chicago, Indianapolis & Louisville Railway Company, where the same crosses Sibley street, westerly to Morton court;

"On Fayette street, from Hohman street to Oakley avenue.

"Sec. 2. From and after the taking effect of this ordinance, it shall be unlawful for any person, firm, or corporation, owning or operating any motor vehicle carrying passengers for hire, to stop such vehicle for the purpose of receiving or discharging passengers upon any street, alley, or other public place within said city: Provided, that the board of public works may, for any period not exceeding six months or successions thereof, permit such operation on any or all of the following designated parts of streets: Columbia avenue, between the south city limits and the right of way of the Michigan Central Railroad, where the same crosses said Columbia avenue; Sibley street, from Columbia avenue to the easterly line of the right of way of the Chicago, Indianapolis & Louisville Railway Company; State Line street, from its southerly terminus to its northerly terminus, at or near the right of way of said Michigan Central Railroad aforesaid; Rimbach avenue, from State Line street to Ann street; Ann street, from Rimbach avenue to Russell street; Russell street, from Ann street to State Line street; and for vehicles engaged strictly in interstate commerce any street or other public place north of 122d street and east of Calumet avenue.

"Sec. 3. Whoever violates any of the provisions of sections 1 and 2 of this ordinance shall, upon conviction, be fined in any sum not exceeding fifty ($50.00) for each and

every offense, but nothing in this ordinance shall be construed to impair the obligation of any contract to which the city is a party under which such motor vehicles are now operated for hire within said city. Nothing herein shall apply to taxicabs.

"Sec. 4. This ordinance shall supplement such ordinances as are now in force, and repeal only so much of them or any part thereof as may be in direct conflict herewith."

While it is not expressly conceded that the following language in section 3: "Nothing in this ordinance shall be construed to impair the obligation of any contract to which the city is a party under which such motor vehicles are now operated for hire within said city"—was inserted for the express purpose of exempting the Calumet Motor Coach Company from compliance with the ordinance, yet it is conceded that that concern comes within the terms of that provision. It operates something like 20 motor busses for the carriage of passengers between the city of Chicago and appellee, and, so far as operation within the corporate limits of appellee is concerned, operates under a contract to which appellee is a party. The Calumet Motor Coach Company has never been required to observe or comply with the terms of the ordinance, but has been permitted to and does use, without let or hindrance from appellee and the officials of appellee, the streets mentioned in section 1, and to load and unload passengers in all of the streets where it operates at will, as appellee claims it has the right to do, and as appellee claims it had and has the right to authorize the Calumet Motor Coach Company to do.

[1, 2] There are several reasons why we are of opinion that the bill should not have been dismissed, but we deem it necessary to consider but one. Without conceding the right of the city, in any event, to control the operation of motor busses under its police power, since the passage of the Moorhead Act and the Registration and Licensing Act, being chapters 46 and 213 of the 1925 Acts of the Indiana General Assembly, we are of opinion that the ordinance cannot be sustained as a police regulation, and it is not claimed that it can be sustained upon any other theory. As the ordinance is drawn, there must be read into both sections 1 and 2 the language of section 3 above quoted; that is, after saying in section 1 that it shall be unlawful to run on, upon, or over Hohman, State, Sibley and Fayette streets, there must be read: "But nothing in this ordinance shall be construed to impair the obligation of any contract to which the city is a party under which such motor vehicles are now operated for hire within said city." The same must be the reading with reference to section 2. Even police regulations must be fair and reasonable for all citizens alike, so far as may be, and without discrimination. The ordinance in question does not respond to these requirements. By its terms, it permits some concerns to do the identical things from the doing of which appellee claims it has the right, under the ordinance, to exclude appellant. Though not so written in the ordinance, the fair intendment of the whole record is that the ordinance was written, not only for the purpose of permitting that condition of things, but for the purpose of enforcing it.

We are of opinion that the record does not show any valid reason for the passage of such an ordinance because of congestion in the streets. The record shows that there was a parking privilege on both sides of the streets in question of not less than an hour's limit, very generally availed of. It is a great strain upon the imagination to find justification for an ordinance excluding appellant from appellee's streets, when, at the same time, unused vehicles are permitted to be parked for an hour at a time on both sides of the street, and the Calumet Motor Coach Company is permitted to do all the things prohibited to appellant in the same streets. The record shows that one Clarence E. Dome, one of the appellant's chauffeurs, was prosecuted under said ordinance in the city court of appellee, wherein the validity of the ordinance was put directly in issue; the city court holding that the ordinance was unreasonable, illegal, and void, as being in violation of the law of the land and the Constitution of the state of Indiana.

It was urged in oral argument that the contract between appellee and Calumet Motor Coach Company, by which the latter was permitted to operate, in the manner specified in that contract, in appellee's streets was a matter of no concern to appellant; that appellee had the right to make such a contract with one, and to refuse to make it with another, or to refuse to make a contract at all, except upon other and different terms. In the abstract, that probably is true; but the right to make such a contract, or to make it with one and not with the other, must not be confused with the obligation of appellee, when it undertook, in the exercise of its alleged police powers, to pass an ordinance to regulate traffic, to pass one that did not discriminate.

It could not make its contract with the Calumet Motor Coach Company an excuse for not making that concern subject to the terms of the ordinance. If it had such police powers as it undertook to exercise, it had no right to barter them away to the Calumet Motor Coach Company.

We are of opinion that, for the reasons stated, the ordinance is illegal and void, and the acts of appellee without justification, and that the decree of the District Court should be reversed, with directions to enter a decree granting the injunction.