### ARNESON v. DENNY et al.

District Court, W. D. Washington, S. D.
April 18, 1928.

No. 332.

1. **Automobiles ☞107(2)—Bill to enjoin enforcement of state statute prohibiting operation over state highways of motorbusses without certificate of necessity held insufficient on motion to dismiss (Laws Wash. 1921, p. 341, § 4).**

In suit to enjoin enforcement of Laws Wash. 1921, p. 341, § 4, prohibiting use of state highways by motor vehicles transporting passengers for hire over regular routes without certificate of public convenience and necessity, and prohibiting issuance of certificate where territory is adequately served, bill which failed to allege that plaintiff had operated between points for which he had been denied a certificate, or that he had prepared to do so, or would do so if permitted, held insufficient, on motion to dismiss, to entitle plaintiff to equitable relief sought.

2. **Courts ☞351½—Allegations of answer will not be considered on defendants' motion to dismiss bill to enjoin enforcement of state statutes for failure to show right to relief (Equity Rule 29).**

On defendants' motion to dismiss bill to enjoin enforcement of state statutes on the ground that it does not state facts sufficient to entitle plaintiff to any relief, allegations of answer supplementing those of bill will not be considered under Equity Rule 29.

3. **Courts ☞280(9)—Objection to court's jurisdiction for cause not apparent on face of bill must be taken by special plea (Equity Rule 29).**

An objection to the jurisdiction of the court for any cause not apparent on the face of the bill must be taken by special plea, since it is only in cases where want of jurisdiction affirmatively appears on the face of the bill that it can be raised by motion under Equity Rule 29.

4. **Courts ☞352(2)—Separate hearing on issue of prior adjudication or pendency of another suit may be had before trial of main case (Equity Rule 29).**

Since fact of prior adjudication or pendency of another suit between same parties and involving same matter ordinarily first appears in answer to bill, under Equity Rule 29 a separate hearing on such an issue before the trial of the main case can be had.

5. **Constitutional law ☞241, 297—State authorities' decision to issue but one certificate of necessity and convenience to operate motorbus line held not so arbitrary as to be unconstitutional (Laws Wash. 1921, p. 341, § 4; Const. U. S. Amend. 14; Jud. Code, § 266 [28 USCA § 380]).**

Decision of state department of public works that only one certificate of public necessity and convenience to operate a motorbus line over a certain federal aided state highway would be issued under Laws Wash. 1921, p. 341, § 4, held not so arbitrary as to be violative of Const. U. S. Amend. 14, in absence of allegation in bill, in suit under Judicial Code, § 266 (28 USCA § 380), to enjoin enforcement of such state statutes, showing need of more than one carrier, or that successful applicant for certificate was not better equipped than petitioner to furnish required service.

See, also, 25 F.(2d) 993.

W. R. Crawford, of Seattle, Wash., for plaintiff.

John H. Dunbar, Atty. Gen., and H. C. Brodie, Asst. Atty. Gen., for defendants.

Before GILBERT, Circuit Judge, and NETERER and CUSHMAN, District Judges.

CUSHMAN, District Judge. Plaintiff, president, manager, and owner of the majority of the stock of the North Bend Stage Line, Inc., which carries passengers and express by motor vehicle, filed herein a complaint asking a permanent and interlocutory injunction restraining defendants, and all of the officers and agents of the state of Washington, from preventing or obstructing plaintiff or his employees in the operation of such vehicles between Everett and Seattle and Seattle and Tacoma, over a federal aided highway, because he had not obtained the certificate of public convenience and necessity provided for in section 4, c. 111, Washington Laws of 1921, p. 341; Remington's Comp. Stat. of Washington, § 6390. The bill alleges that this section of the statute is in contravention of the Fourteenth Amendment of the Constitution of the United States; and of sections 3 and 12, article 1, and section 19, article 2, of the Constitution of the state of Washington, and of the acts of Congress granting federal aid in the construction and reconstruction of rural post roads, and the contract of the state of Washington agreeing to abide by all the provisions of said federal legislation. The acts referred to are Acts of Congress July 11, 1916, c. 241, 39 Stat. at Large, 355; Comp. Stat. § 7477a, and the Federal Highway Act of November 9, 1921, 42 Stat. at Large, c. 119, p. 212, section 7477¼ et seq., Supp. Comp. Stat. 1923 (23 USCA § 1 et seq.), and chapter 76 of the Washington Laws of 1917, p. 260.

Section 4 of chapter 111, Wash. Laws of 1921, provides:

"No auto transportation company shall hereafter operate for the transportation of persons and/or property for compensation between fixed termini or over a regular route in this state, without first having obtained from the commission under the provisions of this act a certificate declaring that public convenience and necessity require such operation; but a certificate shall be granted when it appears to the satisfaction of the commission that such person, firm or corporation was actually operating in good faith, over the route for which such certificate shall be sought on January 15th, 1921. Any right, privilege, certificate held, owned or obtained by an auto transportation company may be sold, assigned, leased, transferred or inherited as other property, only upon authorization by the commission. The commission shall have power, after hearing, when the applicant requests a certificate to operate in a territory already served by a certificate holder under this act, only when the existing auto transportation company or companies serving such territory will not provide the same to the satisfaction of the commission, and in all other cases with or without hearing, to issue said certificate as prayed for; or for good cause shown to refuse to issue same, or to issue it for the partial exercise only of said privilege sought, and may attach to the exercise of the rights granted by said certificate to such terms and conditions as, in its judgment, the public convenience and necessity may require."

The bill alleges that with federal aid a new highway was made from Tacoma to Everett, through Seattle. In 1927, portions of this highway were being paved. October 26, 1927, the section between Seattle and Everett was opened to public travel. The section between Tacoma and Seattle, it is alleged, is not yet completed. In May, 1927, before the opening of the northern section, the plaintiff applied to defendants for a certificate of public convenience and necessity for passenger and express service, by motor vehicle, between Everett and Tacoma. The application was, by the defendants, dismissed because the highway in question then being constructed was not a public highway, within the meaning of section 1, chapter 111, of the Laws of 1921.

Notwithstanding said action, it appears that plaintiff used in his business the highway between Seattle and Everett, filing, however, in October, 1927, a new application for a certificate for such passenger and express service between such cities. On November 2, 1927, defendants set for hearing, November 14th, applications for certificates relating to said highway, including that of plaintiff.

November 3, 1927, under section 10442, Remington's Comp. Stat. of Washington, in the superior court of the state of Washington, for Thurston county, defendants in the present suit sued the plaintiff herein and another, asking that they be enjoined from operating, furnishing passenger and express service between Everett and Seattle, on the sole ground that they had never been granted a certificate under section 4, c. 111.

On December 9, 1927, the superior court

decided that a permanent injunction should issue enjoining plaintiff herein, until after obtaining a certificate of public convenience and necessity. Thereupon plaintiff immediately ceased such operation. It is not alleged that any steps have been taken to review this decision.

In November defendants issued a certificate to operate motor propelled vehicles and two certificates to furnish freight service on this part of such highway, and two of these certificate holders are using the highway.

On December 27, 1927, defendants filed a finding to the effect that there was no certified carrier furnishing such convenience between Seattle and Everett; that such territory must largely depend upon auto stages; that service by auto stages on such highway is a public convenience and necessity. On said date, after hearing a number of applications for certificates of public convenience and necessity covering this portion of the highway, including the application of plaintiff, defendants granted a certificate to one B. Krakenberger, and denied others, plaintiff's application being denied because of his illegal operation from October 8th to December 9th; that defendants decided that only one certificate should be issued to furnish service on said new highway between Seattle and Everett.

Defendants have filed an answer, a part of which is as follows:

"Defendants move the court to dismiss the complaint and proceeding herein for the reason and upon the ground that the said complaint does not state facts sufficient to entitle the plaintiff to any relief, and for the reason that said complaint does not state any matters of equity entitling plaintiff to relief."

Section 4 was considered by the court under the commerce clause of the Constitution in Buck v. Kuykendall, 267 U. S. 307, 45 S. Ct. 324, 69 L. Ed. 623, 38 A. L. R. 286.

Plaintiff cites: Pub. Serv. R. Co. v. Board of Pub. Utility Com'rs (D. C.) 276 F. 979; J. & A. Freiberg Co. v. Dawson (D. C.) 274 F. 420; Buck v. Kuykendall (D. C.) 295 F. 197; Id., 267 U. S. 307, 45 S. Ct. 324, 69 L. Ed. 623, 38 A. L. R. 286; Schappi Bus Line v. Hammond (C. C. A.) 11 F.(2d) 940; McMillan v. Sims, 129 Wash. 516, 521, 522, 225 P. 240; Kaufman v. West, 133 Wash. 192, 193, 233 P. 321; Prendergast v. New York Tel. Co., 262 U. S. 45, 51, 43 S. Ct. 466, 67 L. Ed. 853; Siler v. Louisville & N. R. Co., 213 U. S. 175, 191, 29 S. Ct. 451, 53 L. Ed. 753; Louis-

ville & N. R. Co. v. Greene, 244 U. S. 522, 527, 37 S. Ct. 683, 61 L. Ed. 1291, Ann. Cas. 1917E, 97; Davis v. Wallace, 257 U. S. 478, 482, 42 S. Ct. 164, 66 L. Ed. 325; Chicago Great Wes. R. Co. v. Kendall, 266 U. S. 94, 97, 98, 45 S. Ct. 55, 69 L. Ed. 183.

Defendants cite: 32 C. J. 20; Alaska Pac. Ry. & T. Co. v. Copper River & N. W. Ry. Co. (C. C. A.) 160 F. 862; Best Foods, Inc., v. Hemphill Packing Co. (D. C.) 295 F. 425; 32 C. J. 36; National Commodities Co. v. Viret (C. C. A.) 296 F. 664; Cumberland Tel. & Tel. Co. v. Stevens (D. C.) 274 F. 745; Schnitzler v. Yellowley (D. C.) 288 F. 84; Wisconsin-Minnesota Light & Power Co. v. R. R. Comm. of Wisconsin (D. C.) 267 F. 711; State ex rel. Marshall v. Superior Court, 119 Wash. 631, 639, 206 P. 362; State ex rel. West Seattle Laundry Co. v. Smith, 120 Wash. 540, 544, 208 P. 1; 32 C. J. 79; South & North Alabama R. R. Co. v. R. R. Commission (D. C.) 210 F. 465, 482; 32 C. J. 40; Red "C" Oil Mfg. Co. v. Board of Agriculture (C. C. A.) 172 F. 695, 709; Liberty Highway Co. v. Michigan Public Utilities Commission (D. C.) 294 F. 703; Cunningham v. Potts (D. C.) 9 F.(2d) 469; Anthony v. Kozer (D. C.) 11 F.(2d) 641; Martine v. Kozer (D. C.) 11 F.(2d) 645; Smallwood v. Jeter, 42 Idaho, 169, 244 P. 149, 156; State v. Oligney, 162 Minn. 302, 202 N. W. 893; Interstate Busses Corporation v. Blodgett (D. C.) 19 F.(2d) 256, 259; Bush & Sons v. Maloy, 267 U. S. 317, 45 S. Ct. 326, 327, 69 L. Ed. 627; Morris v. Duby, 274 U. S. 135, 47 S. Ct. 548, 71 L. Ed. 966; Northern Pacific Ry. Co. v. Schoenfeldt, 123 Wash. 579, 213 P. 26; Davis & Banker v. Nickell, 126 Wash. 421, 423, 218 P. 198; Northern Pac. R. Co. v. Yakima-Northern Stages, 135 Wash. 595, 600, 238 P. 905; Packard v. Banton, 264 U. S. 140, 144, 44 S. Ct. 257, 68 L. Ed. 596; P. S. Ry. Co. v. Board of Public Utility Com'rs, 97 N. J. Law, 30, 116 A. 274; Public Utilities Comm. v. Garviloch, 54 Utah, 406, 181 P. 272; McLain v. Public Utilities Comm., 110 Ohio St. 1, 143 N. E. 381; Ex parte Tindall, 102 Okl. 192, 229 P. 125; Gruber v. Commonwealth, 140 Va. 312, 125 S. E. 427; Modeste v. Public Utilities Comm., 97 Conn. 453, 117 A. 494; West Suburban Transp. Co. v. Chicago & W. T. Ry. Co., 309 Ill. 87, 140 N. E. 56 (1923); Choate v. Comm. Commission, 309 Ill. 248, 141 N. E. 12; Royal Green Coach Co. v. Public Utilities Comm., 110 Ohio St. 41, 143 N. E. 547; Restivo v. Public Service Commission, 149 Md. 30,

129 A. 884; N. Y., N. H. & H. R. Co. v. Deister, 253 Mass. 178, 148 N. E. 590; Eager v. Public Utilities Comm., 113 Ohio St. 604, 149 N. E. 865; Fort Lee Trans. Co. v. Borough-Edgewater (N. J. Err. & App.) 133 A. 424; Boston & M. R. R. v. Cate, 254 Mass. 248, 150 N. E. 210; Princeton Power Co. v. Calloway, 99 W. Va. 157, 128 S. E. 89; Reo Bus Lines Co. v. Southern Bus Line Co., 209 Ky. 40, 272 S. W. 18; In re James, 99 Vt. 265, 132 A. 40; Superior Motor Bus Co. v. Community Motor Bus Co., 320 Ill. 175, 150 N. E. 668; East End Traction Co. v. Public Utilities Comm., 115 Ohio St. 119, 152 N. E. 20; State v. Johnson, 75 Mont. 240, 243 P. 1073; Gilmer v. Pub. Utilities Comm. (Utah) 247 P. 284; Greeley Transp. Co. v. People, 79 Colo. 307, 245 P. 720; Harrison v. Big Four Bus Lines, 217 Ky. 119, 288 S. W. 1049; Chicago, R. I. & P. Ry. v. State, 126 Okl. 48, 258 P. 874; Barbour v. Walker, 126 Okl. 227, 259 P. 552; McNeely v. Mayor, etc. (C. C. A.) 4 F.(2d) 900; Red Ball Transit Co. v. Marshall (D. C.) 8 F.(2d) 635; Scott v. Village of Thebes (D. C.) 17 F.(2d) 410; Interstate Busses Corporation v. Blodgett (D. C.) 19 F.(2d) 256; Inter-City Coach Co. v. Atwood (D. C.) 21 F.(2d) 83; Interstate Busses Corp. v. Holyoke Street Ry. Co., 273 U. S. 45, 47 S. Ct. 298, 71 L. Ed. 530.

Upon the application for an interlocutory injunction, the court has already decided that no sufficient notice of the application for such injunction had been given to the Governor of the state of Washington.

The foregoing statement shows the propriety, if not the necessity, of giving separate consideration to the claimed rights of plaintiff to operate motor vehicles over the two sections of the highway.

[1] Consideration will first be given to that part of the highway between Seattle and Tacoma. Plaintiff does not contend that defendants were wrong in denying, because they were without jurisdiction to entertain, his first application for a certificate. It would appear that a part of his present contention is that they still have no such jurisdiction over either section of the highway, for, referring to the northern section, he alleges:

"The plaintiff says further that neither the said state highway department nor the said state highway committee have accepted said portion of said new highway between Everett and Tacoma, via Seattle, and that said operation as aforesaid, between Everett and Seattle is legal and without the jurisdic-

tion of these defendants to interfere with said operation and deny said right applied for on the said ground set out in said findings."

He further alleges:

" * * * Said plaintiff believes and charges the facts to be that said plaintiff would be unable to obtain a certificate of public convenience and necessity between Seattle and Tacoma on said new highway as B. Krakenberger, to whom said defendants issued such exclusive right to operate between Everett and Seattle has now also applied for such right between Seattle and Tacoma, and said defendants will issue such exclusive (between Seattle) right between Seattle and Tacoma to said Krakenberger, and it would be useless for the plaintiff to incur any more expense as said defendants will deny the plaintiff a certificate under said section 4, chapter 111, and although the plaintiff did apply for such certificate on said May 3, 1927."

There is no allegation in the bill that plaintiff has operated between Seattle and Tacoma; that he has prepared so to do; or that he would, if permitted. In this respect, the bill does not entitle plaintiff to the equitable relief asked.

With respect to the section of the highway between Seattle and Everett, it is necessary to take into consideration the following: The bill of complaint in this suit was filed January 19, 1928. As stated above, on November 3, 1927, defendants in the present suit, under section 10442, Remington's Comp. Stat. of Washington, sued the plaintiff and another in the superior court of the state of Washington, for Thurston county, asking that both be enjoined from operating, furnishing passenger and express service between Everett and Seattle, and on December 9, 1927, that court decided that a permanent injunction should issue enjoining plaintiff herein until after obtaining a certificate of public convenience and necessity.

Section 10442, Remington's Comp. Stat., in part provides:

" * * * An appeal may be taken to the Supreme Court from such final judgment in the same manner and with the same effect as appeals from judgments of the superior court in actions to review orders of the commission. All provisions of this act relating to the time of appeal, the manner of perfecting the same, the filing of briefs, hearings and supersedeas, shall apply to appeals to the Supreme Court under the provisions of this section."

Section 88 of chapter 117 of the Washington Laws of 1911, Remington's Comp. Stat.

§ 10430, makes provision for appeal from a judgment of a superior court reviewing a commission ruling to the Supreme Court of the state. This section in part provides:

"Such appeal shall be taken by giving a notice of appeal in open court at the time of the rendition of judgment, or by the service and filing of a notice of appeal within twenty days from and after the entry of the judgment. * * * The superior court may, in its discretion, suspend its judgment pending the hearing in the Supreme Court, upon the filing of a bond, with a good and sufficient surety, conditioned as provided for bonds upon actions for review, or upon such other or further terms and conditions as it may deem proper. The general laws relating to appeals to the Supreme Court shall, so far as applicable and not in conflict with the provisions of this act, apply to appeals taken under the provisions of this act."

Section 1720, Remington's Comp. Stat., makes provision for notice of appeal under the general law.

Equity rule 29 provides:

"Demurrers and pleas are abolished. Every defense in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity, which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss or in the answer; and every such point of law going to the whole or a material part of the cause or causes of action stated in the bill may be called up and disposed of before final hearing at the discretion of the court. Every defense heretofore presentable by plea in bar or abatement shall be made in the answer and may be separately heard and disposed of before trial of the principal case in the discretion of the court. If the defendant move to dismiss the bill or any part thereof, the motion may be set down for hearing by either party upon five days' notice, and, if it be denied, answer shall be filed within five days thereafter or a decree pro confesso entered."

[2] The allegations of the answer supplementing those of the bill will not be considered. The court construes plaintiff's allegation concerning the decision in the superior court to mean that the present suit was begun after the superior court had announced its decision, but before the decree.

Section 266 of the Judicial Code, section 1243, Comp. Stat. (28 USCA § 380), in part provides:

"* * * It is further provided that if before the final hearing of such application a suit shall have been brought in a court of the state having jurisdiction thereof under the laws of such state, to enforce such statute or order, accompanied by a stay in such state court of proceedings under such statute or order pending the determination of such suit by such state court, all proceedings in any court of the United States to restrain the execution of such statute or order shall be stayed pending the final determination of such suit in the courts of the state. Such stay may be vacated upon proof made after hearing, and notice of ten days served upon the attorney general of the state, that the suit in the state courts is not being prosecuted with diligence and good faith."

By the foregoing, Congress has shown an intent to recognize the state court as the more appropriate tribunal for the settlement of controversies as to the validity of its statutes. It also shows an intent to recognize a suit to enforce the law which is attacked as appropriate a proceeding to settle such a question, as a suit to enjoin its enforcement.

The statutory condition regarding a stay in the state court of proceedings to enforce the statute under attack as a prerequisite to a stay in the injunction proceeding in the United States District Court does not affect the present suit. Congress in this section was making provision for what it considered was an appropriate procedure, where, in the United States District Court, a suit was first begun to enjoin the enforcement of a state statute, and thereafter a suit was begun in the state court to enforce the statute. Because of first having jurisdiction, without this provision in section 266, the later suit would not affect such jurisdiction; and Congress, as a condition of allowing the jurisdiction of its court to be ousted by the later state court suit, required the stay in the state court of enforcement of the statute pending a determination of the suit in such court. But in the instant litigation the suit was first begun in the state court to enjoin the plaintiff from using the highway until he complied with the statute. The decision in Pacific Telephone & Telegraph Co. v. Kuykendall, 265 U. S. 196–205, 44 S. Ct. 553, 68 L. Ed. 975, has no application to a situation such as that here presented.

[3] It is no doubt true, as decided by Judge Hawley in Desert King Mining Co. v. Wedekind (C. C. A.) 110 F. 873, 877:

"* * * An objection to the jurisdiction of the court, for any cause not apparent on the face of the bill, must be taken by special plea. It is only in cases where the want of jurisdiction affirmatively appears

upon the face of the complaint that it can be raised by motion."

[4] Ordinarily, the bill of complaint does not disclose the fact of a prior adjudication, or the fact of the pendency of another suit between the same parties involving the same matter. Ordinarily, such allegations first appear in the answer to the bill, and, under rule 29, a separate hearing upon such an issue before the trial of the main case can then be had. Commercial Pacific Cable Co. v. Philippine National Bank (D. C.) 263 F. 218; Keown v. Hughes (C. C. A.) 265 F. 572–575; Fenstemacher v. Pennsylvania R. Co. (D. C.) 296 F. 213; Pennsylvania R. R. System v. Pennsylvania R. Co. (D. C.) 296 F. 220; In re Lowry & Pike (D. C.) 294 F. 906; Robbins v. Elk Basin Consol. Petroleum Co. (D. C.) 285 F. 179.

The bill herein states the pendency, in the superior court in Thurston county, of a suit between the same parties involving the validity of section 4, and the same matters as those involved herein, with one exception, and that is as to the validity of defendants' order of December 27, 1927, denying plaintiff's application and granting that of Krakenberger, which order was made after the decision of the state court.

[5] It is not necessary to determine whether the denial by the defendants of plaintiff's application because of his illegal operation from October 8th to December 9th was so arbitrary as to be an unconstitutional exercise of official power, or an abuse of discretion, or not; for the bill alleges that defendants decided that only one certificate should be issued to furnish service on the highway between Seattle and Everett. There is nothing shown of arbitrary action in this. Defendants, it appears, had a number of applications from which to choose; they had decided to issue but one certificate, and they were not bound to issue to plaintiff. There is nothing alleged to show the need of more than one carrier, or that Krakenberger was not better able and equipped than petitioner to furnish the required service. In the absence of such, or equivalent allegations, petitioner "does not show that" he "is entitled to have * * * a certificate of public" convenience and necessity "from the department." Interstate Busses Corp. v. Holyoke St. Ry. Co., 273 U. S. 45–52, 47 S. Ct. 298, 71 L. Ed. 530; Packard v. Banton, 264 U. S. 140, 44 S. Ct. 257, 68 L. Ed. 596; Hadfield v. Lundin, 98 Wash. 657, 168 P. 516, L. R. A. 1918B, 909, Ann. Cas. 1918C, 942; State ex rel. Telegraph Co. v. Spokane, 24 Wash. 53, 63 P. 1116.

25 F.(2d)—63

The cases of McMillan v. Sims, 129 Wash. 516, 521, 522, 225 P. 240; and Kaufman v. West, 133 Wash. 192, 193, 233 P. 321, relied upon by petitioner, have no application to the questions here, because there was no question involved in either of them as to public service.

The motion to dismiss the bill will be granted.